IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| Jennifer Berry, ) | | |
|     Plaintiff, ) | Civil Action No. 5:21-cv-00001 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| Town of Front Royal, Virginia, ) | By:   Joel C. Hoppe | |
|     Defendant. ) | United States Magistrate Judge | |

This matter is before the Court on Plaintiff Jennifer Berry's Motion to Compel Discovery from Defendant Town of Front Royal, Virginia ("Defendant"). Pl.'s Mot. to Compel, ECF No. 24. The motion has been fully briefed, ECF Nos. 25, 26, and is ripe for disposition. For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion to Compel.

I. Background

This is a discrimination and retaliation case arising out of the termination of Berry's employment as clerk to Defendant's town council. According to the Complaint, councilmember William Sealock repeatedly sexually harassed Berry beginning around January 2017 and "continu[ing] unabated into 2018 and 2019." *See* Compl. ¶¶ 14–15, 23, ECF No. 1. Berry describes a pattern of unwanted touching and inappropriate remarks by Sealock despite her repeated insistence that such actions were unwelcome. *Id.* ¶¶ 16–23.

Berry's complaints regarding Sealock's conduct were largely ignored by Defendant aside from a "sham" investigation. *Id.* ¶¶ 20–22, 41–44, 47, 66. Following her complaints, Berry's job security was threatened and she "was subjected to a barrage of retaliatory conduct," *id.* ¶ 49, including being held to harsher standards than male staff members and being passed over for a promotion in favor of a male applicant, *see id.* ¶¶ 39–43. After her return from medical leave, which was covered by the Family and Medical Leave Act ("FMLA"), *id.* ¶ 67, Berry was

1

informed that her employment with Defendant would be terminated effective February 4, 2020, *id.* ¶ 69. Defendant's purported financial reasons for Berry's termination were a pretext for sex-based discrimination and retaliation. *Id.* ¶ 71.

On January 4, 2021, Berry filed her Complaint asserting violations of the FMLA and Title VII of the Civil Rights Act of 1964. Specifically, Berry asserts claims for sex-based discrimination, unlawful retaliation, retaliatory hostile work environment, and violations of the FMLA. *Id.* ¶¶ 74–113. Berry seeks both legal and equitable relief.

The discovery dispute concerns two Requests for Production of Documents (the "Requests") that Berry issued to Defendant:

> 27. All documents submitted by Defendant to, or received by Defendant from, any governmental entity, including without limitation the EEOC and/or the Department of Labor, in connection with claims of discrimination by any employee or applicant to become an employee of Defendant based on sex, including sexual harassment, or retaliation from January 1, 2016 through the date on which you respond to this request.
>
> 28. To the extent not produced in response to any other request, any and all documents reflecting or referring to each and every charge, lawsuit, or administrative complaint of sex discrimination, including sexual harassment, or retaliation that has been made or filed within the past five years by any current or former employee of Defendant.

Pl.'s Mot. to Compel 2–3. Defendant responded to the Requests with identical "proportionality" objections, asserting that the amount in controversy does not justify the expense required to produce such documents, that the Requests seek documents unrelated to the claims, that the burden of producing the documents outweighs their likely benefit, and that the information is confidential and protected from disclosure by state and federal law. ECF No. 24-1, at 3–4.

After several unsuccessful attempts to resolve their dispute, Berry narrowed the timeframe to January 1, 2017 through December 31, 2020 and limited the scope of Request 27 to

only documents submitted to or received from the EEOC. Pl.'s Mot. to Compel 3. Defendant continued to object, prompting Berry to file the instant Motion to Compel. ECF No. 24.

## II. The Legal Framework

Broad discovery is generally permitted in civil cases. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Indeed, "[t]here may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative." *Id.* Moreover, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). But discovery, "like all matters of procedure, has ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Courts must limit the frequency or extent of proposed discovery if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

When a party fails to make requested disclosures or discovery, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). On such a motion, the party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). Thus, once the moving party has made "a prima facie showing of discoverability," the resisting party has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought "is of such marginal relevance that the potential harm . . . would outweigh the ordinary presumption of broad discovery." *Id.* (internal quotation marks omitted). Moreover, "[d]istrict courts generally have broad discretion in managing discovery, including

whether to grant or deny a motion to compel." *Id.* (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995)).

### III. Discussion

In her motion to compel, Berry addresses the proportionality and confidentiality objections initially raised by Defendants. Pl.'s Mot. to Compel 7–11. Particularly, Berry asserts that all proportionality factors weigh in her favor based on the importance of the issues at stake, the information asymmetry between the parties, and the minimal burden and expense of production. *Id.* Further, Berry argues that the protective order previously entered in this case, ECF No. 11, mitigates any confidentiality concerns. *Id.* at 11. Berry additionally contends that the documents sought are relevant and highly probative of discriminatory or retaliatory intent, Defendant's enforcement of its sexual harassment policies, and Defendant's handling of investigations into allegations of sexual harassment. *Id.* at 6.

In its response brief, Defendant did not assert objections as to proportionality and confidentiality, instead arguing that the requested discovery is not relevant. *See generally* Def.'s Opp'n to Mot. to Compel 2–7, ECF No. 25. Defendant avers that during the period covered by the Requests, only one other charge (the "Charge") of sexual harassment was reported and that it is factually dissimilar to Berry's allegations and, thus, not relevant. *Id.* at 4–5.

Berry, in her reply, asserts that she should not have to rely on Defendant's own description of the Charge, noting that the deposition testimony of Human Resources Director Julie Bush casts doubt on Defendant's version of the events. Pl.'s Reply Br. 3, ECF No. 26. Further, Berry again contends that the requested information is highly relevant to discerning Defendant's intent, how it enforced its sexual harassment policies and how it handled investigations into claims of sexual harassment. *Id.* at 7–10.

*A.      Proportionality & Confidentiality*

Defendant, as the party resisting discovery, bears the burden of persuasion regarding its objections. *See Eramo*, 314 F.R.D. at 209. In its response, Defendant did not argue that the requested discovery was not proportional to the case or that it was protected from discovery by confidentiality laws. Accordingly, the Court considers those arguments to be abandoned and limits its analysis to Defendant's relevance objections.

*B.      Relevance*

Defendant challenges the relevance of the requested information. It relies upon the court's discussion in *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012), of factors to assess the admissibility of evidence on relevance grounds.[1] Defendant asserts that these factors show the requested information is not relevant, noting that the Charge involved a different department, a different supervisor, and entirely distinct factual circumstances. Def.'s Opp'n to Mot. to Compel 3–5.

Of course, information may be discoverable even if it is not admissible as evidence. *See* Fed. R. Civ. P 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Moreover, while the factors in *Griffin* are instructive, "[i]n discrimination cases, courts have generally allowed discovery of other actions or proceedings against a defendant because 'evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R. Civ. P. 26(b)(1).'" *Kelly v. FedEx Ground Package Sys.*, 2011 U.S. Dist. LEXIS

---

[1] In *Griffin*, the Sixth Circuit lists several factors to consider when determining the admissibility of "other acts" evidence – evidence relating to other alleged incidences of similar conduct. 689 F.3d at 599. The articulated factors are whether the other acts are "close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." *Id.*

45180, *16 (S.D. W. Va. April 26, 2011) (quoting *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004)). Further, "[w]hat may appear to be a legitimate justification for a single incident of alleged harassment may look pretextual when viewed in the context of several other related incidents." *Madison v. IBP, Inc.*, 257 F.3d 780, 793 (8th Cir. 2001) (vacated in part on other grounds) (quoting *Jackson v. Quanex Corp.*, 191 F.3d 647, 661 (6th Cir. 1999)).

Here, Berry alleges a failure by Defendant to enforce its sexual harassment policies and properly investigate her claims of sexual harassment. Compl. ¶¶ 78–89. While Defendant asserts that the Charge is the sole incident covered by the Requests, Plaintiff points to Bush's deposition testimony as raising reasonable questions about that assertion.[2] According to Berry, Bush testified that she investigated a dozen allegations of harassment, although the dates of the allegations were not provided. Information about other claims may provide relevant insight into Defendant's enforcement of its sexual harassment policy and handling of investigations, depending on the particulars of those other claims.

Additionally, similar incidents of discrimination and harassment may demonstrate discriminatory intent, a necessary element of a Title VII claim. *See Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019) ("Title VII . . . requires establishing intentional discrimination."). Information about an employer's discriminatory treatment of other employees may be "relevant to the issue of the employer's discriminatory intent'" in the plaintiff's case.

---

[2] In its response, Defendant describes the Charge as an incident involving an employee in the Solid Waste Department who had been informed of inappropriate comments made by a co-worker. Def.'s Opp'n to Mot. to Compel 4. According to Defendant's description, an investigation determined that the complaints were unfounded and the complainant continued in her employment until she resigned for unrelated reasons. *Id.* At her deposition, however, Bush described investigating a seemingly different complaint during August 2019. According to Bush, the complaint involved an employee of the Solid Waste Department who was constantly berated by a coworker and Bush concluded that there likely was harassment. Pl.'s Reply Br. 3–4. The complainant filed a charge with the EEOC, and the alleged harasser continued to work for the town. *Id.*

*Patton v. Wilkie*, 2018 U.S. Dist. LEXIS 54480, *3 (W.D. Va. Mar. 30, 2018) (quoting *Calobrisi v. Booz Allen Hamilton, Inc.*, 660 F. App'x 207, 210 (4th Cir. 2016)).

Accordingly, the information sought in the Requests is relevant to an employer's intent, at least for purposes of discovery. *See Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1133 (4th Cir. 1988) ("Where a plaintiff seeks to prove discriminatory intent, the probative value of statements [or documents] revealing the racial attitudes of the decisionmaker is great."). Information about previous charges of discrimination and retaliation and the handling of those claims may shed light on whether Defendant's alleged actions were taken for discriminatory and retaliatory purposes or for legitimate ones. *See Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 47 (W.D.N.Y. 1986) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588 (5th Cir. 1978) ("'A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim.'")).

Thus, Defendant has not carried its burden. The Court finds that the Requests are relevant to discerning Defendant's enforcement of its sexual harassment policy, its handling of investigations into alleged sexual harassment, and whether it acted with discriminatory or retaliatory intent. As such, the Court will grant Berry's motion to compel. All disclosures remain subject to the protective order previously entered in this case. ECF No. 11.

## IV. Conclusion

For the foregoing reasons, Berry's motion to compel, ECF No. 24, is GRANTED. Accordingly, it is hereby ORDERED that Defendant respond to Requests for Production numbers 27 and 28, as amended, within fourteen (14) days of the entry of this Order.

It is so ORDERED.

The Clerk shall send a copy of this Order to the parties.

ENTER: October 20, 2021

*Joel C. Hoppe*

Joel C. Hoppe
U.S. Magistrate Judge