IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(HARRISONBURG DIVISION)

| | |
|---|---|
| JENNIFER BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 5:21cv00001 |
| v. ) | |
| ) | |
| TOWN OF FRONT ROYAL, VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

COMES NOW the defendant, Town of Front Royal, Virginia ("the Town"), by counsel, and in Reply and support of its Opposition to Plaintiff's Motion to Compel [ECF No. 43], states as follows:

**I.    INTRODUCTION**

Plaintiff's "INTRODUCTION" in support of her motion to compel attorney-client protected privileged information is nothing more than a biased recitation of her version of the facts while ignoring the undisputed evidence developed to date in opposition to her false claims of discrimination and retaliation and provides no support for the argument that the Town's attorney-client privilege related to communications with retained legal counsel prior to this litigation has been waived. Her motion to invade the attorney-client privilege between the Town and its counsel by demanding additional depositions from previously deposed individuals and legal counsel's file material is blatant harassment and appears intended to have defense counsel conflicted out of the case. There is nothing unusual in the Town's retention of counsel in 2019 to obtain legal advice during a reorganization and reassignment of multiple personnel, job positions and duties of which the plaintiff was one of multiple employees affected which resulted in substantial financial savings

to the Town. There is also nothing unusual in the Town's retention of legal counsel for advice after receipt of plaintiff's first notice of any alleged sexual harassment in August of 2019. By inclusion of the defendant's July 2020 submission to the EEOC in opposition to plaintiff's alleged discrimination claims (MTC Ex. 4)[1], plaintiff shows that she was and remains well aware of the factual reasons for the Town's decisions made with regard to her employment which were confirmed during the depositions of Town personnel and elected officials.

Further, nothing disclosed in discovery or in the Town's EEOC submission revealed the content of legal advice obtained or discussions had between the Town and counsel, thus no waiver of the privilege. In fact, it is the plaintiff's counsel's questioning in depositions which offensively sought to invade the privilege, to which objections were properly noted, upon which the plaintiff now relies in arguing waiver. The Town has not raised reliance on advice of counsel as an affirmative defense in the case. The mere fact that the Town retained counsel for legal advice in 2019 and 2020 related to multiple employment issues, not just plaintiff's EEOC claim, does not constitute waiver of the privilege and does not allow the plaintiff to affirmatively try to obtain specific knowledge of that advice. The facts relied upon to refute plaintiff's claims are multiple and have been disclosed in discovery**.** Plaintiff's exhibits 1, 2 and 3 support the Town's position that the first notification of any alleged discriminatory behavior or actions by council member Sealock came in May 2019 and related not to threats made by Sealock, but threats made by the former mayor of which Sealock became aware and simply communicated to the plaintiff. Any delay in the Town's investigation, was due to plaintiff's refusal to meet with Julie Bush and provide a statement and sign her evaluation. During that time she was represented by counsel. To accept plaintiff's argument,

---

[1] "MTC" is reference to plaintiff's Motion to Compel ECF Doc. 43.

2

would acknowledge that any discussions had between plaintiff and her counsel during this time about whether to cooperate or not cooperate in the Town's investigation or sign her evaluation should be subject to questioning by defense counsel.

During the time for which she seeks to invade the defendant's attorney-client privileged information and communications, she too was represented by counsel, Mr. Cupp, as evidenced by these same exhibits. Mr. Cupp submitted a settlement demand on behalf of the plaintiff to counsel and engaged in communications with Julia Judkins about the allegations. Does he intend to question the witnesses about these? Does he intend to try and depose counsel which would surely create a conflict? While these questions are raised rhetorically such a practice, if condoned, would jeopardize the attorney-client privilege in every case in which a party retained counsel for legal advice in advance of litigation.

The Town stands by its objections and requests that the Court deny the pending motion to compel.

## II. LAW AND ARGUMENT

The fact that the Town's EEOC submission was prepared by counsel and included the mere reference to the Town Manager having obtained legal counsel specializing in employment law prior to the taking of any recommended employment actions without revealing or even discussing any of the advice given does not waive the privilege in this litigation. *Billings v. Stonewall Jackson Hosp.*, 635 F. Supp.2d 442, 444-446 (W.D. Va. 2009)(submission of letter to EEOC by employer's counsel in opposition to employee's claims and testimony that an HR employee and corporate counsel conferred about the employee's claims was insufficient to invoke waiver of the attorney client privilege in subsequent federal court litigation). *Billings* is directly on point in refuting plaintiff's arguments for waiver of the privilege in this case. As pointed out by the Court in its opinion,

3

"[a]dvice of counsel is not asserted by" the employer in that case and was therefore not "at issue" . . . . *Id.,* at p. 446. See also, *Botkin v. Donegal Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 63871 at pp. 12-19 (W.D. Va. 2011)(despite deposition testimony by the company representative that the company relied on the advice of counsel in denying coverage for a claim, the company had not taken affirmative steps to place the attorney-client communications at issue and did not raise advice of counsel as an affirmative defense in the case). The Court noted that the "interest served by the attorney-client privilege - ensuring a client that he or she can consult with counsel in confidence - would be completely undermined" by allowing discovery into the specifics of the legal advice given to the party. *Id.,* at pp. 20-21.

In *First South Bank v. Fifth Third Bank, N.A.,* 2013 U.S. Dist. LEXIS 62238 *; 2013 WL 1840089 (D.C. S.C.) at pp. 37-38, the Court made similar findings where the advice of counsel defense was discussed. "In other words, even when a party acknowledges that it sought the advice of counsel, 'the party must by some specific act or assertion put the **content** of that advice behind its claim of good faith-making it a 'a factual basis of a . . . defense.'" (citations omitted). *See also*, *Navient Sols., LLC v. Law Offices of Jeffrey Lohman,* 2020 U.S. Dist. LEXIS 205357 at pp. 9-10 (E.D. Va. 2020) ("Advice of counsel 'is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.'"((internal citations omitted). Nothing as presented in the plaintiff's motion to compel shows a disclosure of the content of any legal advice provided to the Town by retained legal counsel.

In this case, the establishment of an attorney-client relationship between the Town and outside counsel related to plaintiff, her complaints of harassment and discrimination, and her

4

employment is undisputed. It is also cannot be disputed that the Town has never waived that privilege by disclosing the content of any communications with outside counsel. Further, despite plaintiff's counsel's declaration that the Town relies upon an advice of counsel defense in this litigation, that assertion is patently false.

The attorney-client privilege "merits special protection 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). Here there is no dispute that an attorney-client relationship existed between counsel and the Town and therefore the privilege applies, and "the privilege affords all communications between attorney and client absolute and complete protection from disclosure." *Hanson v. United States Agency for Int'l Dev.,* 372 F.3d 286, 291 (4th Cir. 2004)(citing *In re Allen,* 106 F.3d 582, 600 (4th Cir. 1997). The privilege "protects 'not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Hanson,* 372 F.3d at 291 (citing *Upjohn* 449 U.S. at 390. Plaintiff cites no legal authority in support of her argument that the provision of advice to the Town Manager somehow converted legal counsel into a decision maker.

As argued herein above, the Town has not voluntarily disclosed any confidential information to a party not covered by the attorney-client privilege. *Hanson*, 372 F.3d at 294. Plaintiff cannot invade the attorney-client privilege by arguing that **her** counsel's questioning of witnesses in an attempt to find out about attorney-client privileged communications constitutes a waiver of the privilege by the Town. That argument would eviscerate the privilege by allowing opposing counsel in every case to open the inquiry by asking whether the opposing party retained counsel in advance of an action taken then seek disclosure of what information and advice was exchanged where the

5

party has not affirmatively raised advice of counsel as a defense or waived the privilege by disclosing the specific content of communications between client and counsel.

WHEREFORE, for all of the foregoing reasons and for any additional reasons as may be argued at hearing on this matter, the defendant, Town of Front Royal, Virginia, by counsel, requests that the Court deny Berry's motion to compel.

>Respectfully submitted,
>
>**TOWN OF FRONT ROYAL, VIRGINIA**
>By Counsel

  */s/*
Heather K. Bardot, VSB No. 37269
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
hbardot@bmhjlaw.com
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2021, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Timothy E. Cupp, Esquire
>Shelley Cupp Schulte, PC
>1951 Evelyn Byrd Avenue, Suite D
>PO Box 589
>Harrisonburg, Virginia 22803
>Telephone:   (540) 432-9988
>Facsimile:   (804) 278-9634
>cupp@scs-work.com
>*Counsel for Plaintiff*

Tim Schulte, Esquire
Shelley Cupp Schulte, PC
2020 Monument Avenue
Richmond, Virginia 23220
Telephone:    (804) 644-9700
Facsimile:    (804) 278-9634
Shelley@scs-work.com
*Co-Counsel for Plaintiff*

       */s/*
Heather K. Bardot, VSB No. 37269
BANCROFT, McGAVIN, HORVATH
  & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
Hbardot@bmhjlaw.com
*Counsel for Defendant*