IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JENNIFER BERRY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:21CV00001 |
| TOWN OF FRONT ROYAL, VIRGINIA, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL (ECF No. 43)**

The Plaintiff, Jennifer Berry, ("Plaintiff" or "Ms. Berry"), by counsel, as her Reply Memorandum in Support of her Motion to Compel, says:

The Town injected Julia Judkins, one of its attorneys in this case, and the advice it purports to have received from her, into its defenses and denials, including in its assertions that it involved her to insure that everything it did during the investigation of Ms. Berry's complaints (and in the termination of Ms. Berry's employment) was "legal and proper." The Town engaged Ms. Judkins to perform a part of the investigation of Ms. Berry's complaints of harassment and retaliation, which is not protected by the attorney-client privilege. To the extent Ms. Judkins' involvement and the Town's communications with her were covered by the attorney-client privilege (and were not for purposes of making a business decision or performing a "normal investigation"), the Town necessarily put attorney-client protected information at issue. This waived any privilege that existed, and the Town has failed to meet its burden of establishing the privilege or that it did not waive

the privilege. *Federal Election Comm'n v. Christian Coalition*, 178 F.R.D. 61, 65 (E.D. Va. 1998).

Rather than addressing the facts supporting Ms. Berry's Motion to Compel which establish how the Town put Ms. Judkins' involvement at issue, the Town obfuscates and deflects.[1] It wholly fails to bear the burden imposed upon it to support the assertion of the privilege or lack of waiver of that privilege.

Following Ms. Berry's August 15, 2019 complaints of harassment and retaliation, acting Mayor, Matt Tederick, told Defendant's Director of Human Resources, Julie Bush, to "commence your normal investigation per the Employee Personnel Manual." Exhibit 2 to Plaintiff's Memorandum.

On September 9, 2019, Ms. Bush sent an email to Mr. Tederick in which she said, in part, "I am in the process of a timeline and breaking down scenarios . . . ." Exhibit 3 to

---

[1] Just one example is the Town's contention that Ms. Berry somehow is to blame for the three-month delay in completion of the investigation. Town Opposition Memo. (ECF No. 47), p. 2. In light of the Town's designee's testimony at the Rule 30(b)(6) deposition, this contention is a real head-scratcher. Contrary to its contention in its Opposition Memorandum, the Town testified through Matthew Tederick that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **No one testified that Jennifer Berry in any way delayed the investigation or the resolution of her complaints.** In fact, Ms. Bush's "Timeline Clerk of Council" document (attached as Exhibit 2) makes it clear that Ms. Bush had already made her decision as of September 6, 2019 as to what the final report would say, and it included concern over the charges of both harassment and retaliation, although the report would say "she said/he said."

2

Plaintiff's. Memo.  That timeline to which Ms. Bush refers contains factual information critical to this litigation in general, and the Motion to Compel in particular, including the date after which Ms. Judkins was engaged to represent the Town.[2]  On November 9, 2021, counsel for the Town confirmed orally that Ms. Berry's counsel could use the Timeline.  Accordingly, it is attached as Exhibit 2.[3]

### The September 12, 2019 Timeline Clerk of Council Document

The Timeline document was produced for the first time on October 4, 2021.  It clearly was part of the investigative file which had been requested in discovery as early as March 17, 2021. In fact, it says it was a Memo to the file. The Timeline, while containing self-serving, inaccurate, and incomplete statements by Ms. Bush, is significant in that it shows that by September 6, 2019, Ms. Bush had already determined that the:

> Final Report will find a "she said/he said" statement on both allegations. A recommendation of harassment training to council and possibly sensitivity training for councilman Sealock.

---

[2] The Timeline was the subject of the Town's efforts to claw it back after having produced it on October 4, 2021.  The Town contended that the Timeline was privileged, instructed Mr. Tederick, the Town's Rule 30(b)(6) designee, not to answer any questions about the document at the Town's October 12, 2021 deposition, and sought a discovery hearing with the Court which took place on October 28, 2021.  The Court gave the Town until November 5, 2021 to file a motion seeking to claw back the document based on the asserted privilege.  November 5, 2021 came and went with no filing by the Town.  The Town's counsel then responded on November 7, 2021 at 11:43 p.m. that "[r]egarding the motion re: clawback, I decided not to file it for a variety of reasons."  See Exhibit 1 attached.  Ms. Bardot subsequently stated to Plaintiff's counsel on November 9, 2021 that he could use the Timeline document in this case. Disclosure of a privileged communication, as the Town argued the Timeline to be, to one who is not embraced by the privilege is a waiver of the privilege as to the communication and to the subject matter of the disclosure. *Hawkins v. Stables*, 148 F.3d 379, 384 fn. 4 (4th Cir. 1998).  For that reason alone, Ms. Berry's motion should be granted.

[3] Appended to the Timeline is the Info page showing certain metadata.  Among other things, this document shows it was authored and last modified by Julie Bush on September 13, 2019.

*Id.*, p. 6. Highlighted in the document produced was the following: "H.R. Director has concerns of charges of not only Harassment/Bullying Claim, but Retaliation as well." An entry on September 9, 2019, also highlighted in the original, states: "H.R. Director suggested a review by an attorney to which council agreed. Members of Council find it difficult to trust the Clerk of Council. She continues to create an antagonistic atmosphere between herself and the council." *Id*.

Another significant entry is the following, entered under the date of September 5, 2019:

> Ms. Berry currently places a 3-inch x 3-inch post-it on her door notifying citizens of her return.

The Timeline shows unequivocally that these entries precede the retention of Ms. Judkins. *Id.*, p. 7 (phone meeting set up with Attorney). Moreover, the entries in the Timeline end with an entry for September 11, 2019. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The September 5, 2019 entry establishes that part of the October 2, 2019 advice of counsel resulted in a letter to Ms. Berry that contained assertions that Ms. Berry was not doing certain tasks and the Town knew those assertions to be untrue.

The Town did not refute the facts submitted with the Plaintiff's Memo. Whatever was done on the investigation after September 6, 2019 when Ms. Bush made her determination necessarily was done by Ms. Judkins. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4

███████████████████████████████████████████████████

███████████████████████████████████████████████████

As noted in the Plaintiff's Memorandum, internal investigations such as those that Ms. Judkins was involved in do not necessarily provide protections of the attorney-client privilege. See *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1099 (D.N.J. 1996) (where an attorney undertakes an internal investigation to comply with an internal policy, the work product privilege does not apply). Plaintiff's Memo., p. 12. The Timeline shows that Ms. Bush's investigation of the complaints about Sealock was completed as of September 6, 2019. ███████████████████████████████

███████████████████████ It is the Town's burden to establish the privilege, and it cannot do so in light of the Tederick testimony that ███████████████████████

███████████████████████████████████████

Further, in its Position Statement submitted to the Equal Employment Opportunity Commission, in which Ms. Judkins is listed as counsel for the Town, the Town states:

> It is important to note that Mr. Tederick **obtained legal counsel specializing in employment law** for the Town Council and him **prior to any employment action being recommended or taken to ensure that all employment actions taken were legal and proper.**

Exhibit 4 to Plaintiff's Memorandum, Position Statement, p. 6 (emphasis added); Tederick Dep., p. 244. Rather than refute or explain why this statement did not put the advice purportedly received from Ms. Judkins at issue, the Town simply argues that Ms. Berry knows from the Position Statement the Town's reasons were for firing her. Def. Memo. p. 2. Because Ms. Judkins' involvement in the investigation is not protected, no privilege attaches.

As to waiver, the Town cites to several cases primarily for the proposition that in order to satisfy the "at issue" requirement for waiver of the attorney-client privilege, there must be a formal reliance on the defense of advice-of-counsel. Ms. Berry acknowledges that the Town has not formally pled the defense of advice-of-counsel, although the Town has not committed never to assert it in this case. Contrary to the Town's contention, though, such a formal defense is not required for there to be waiver. Among other things, the Town's reliance on and injecting the purported counsel's advice into the case as part of the Town's defenses and denials result in waiver of any privilege that existed.

The Town's reliance on *Billings v. Stonewall Jackson Hosp.*, 635 F. Supp. 2d 442 (W.D. Va. 2009) is misplaced. First, the Court in *Billings* did not undertake any analysis of what was required for counsel's involvement to be "at issue" in that case. It simply cited to *Hearn v. Rhay*, 68 F.R.D. 574, 580-81 (E.D. Wash. 1975), noted that there was no defense of advice-of-counsel pled in the case, and concluded that there was no waiver.

As part of its opinion on the waiver issue stemming from the defendant's conduct in sending a letter to the EEOC (a separate claim of waiver from the "at issue" claim), the Court included a footnote reciting that the plaintiff had the opportunity to, and did, depose the corporate counsel for an hour regarding the facts of the matter. *Id*., at 446, fn. 1. Ms. Berry has been given no such opportunity here. The *Billings* Court further stated that the letter from corporate counsel to the EEOC "only discusses [plaintiff's] employment history and that her separation did not violate the ADA because she could no longer perform the essential functions of her job. The letter never mentions Roe (the human resources

6

director) or any conversations he (the lawyer) had with her prior to (plaintiff's) termination." *Id*., at 445.[4]

In the case at bar, of course, the Town's EEOC Position Statement clearly injects the purported advice from the attorneys who were said to specialize in employment law to **"ensure that all employment actions taken were legal and proper."** See Exhibit 4 to Plaintiff's Memorandum. The advice implied by this self-serving statement is that the termination action taken against Ms. Berry was legal and proper. There is no other way to interpret that statement. It is "at issue" because the Town seeks to have counsel, who either will be sitting at counsel table or her partner will be sitting there, testify through inference or implication with no way for Ms. Berry to challenge her. See Plaintiff's Memo., pp. 13-17.

The case of *Dudley v. City of Kinston*, 2021 U.S. Dist. LEXIS 64211 (E.D.N.C. Mar. 31, 2021), is instructive on whether involvement of counsel was "at issue" in a matter in which the defendants claimed that the attorney client privilege had been waived. The *Dudley* court noted that a party could waive the privilege both by sharing confidential

---

[4] *Botkin v. Doneal Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 63871 (W.D. Va. 2011) also is inapposite. First, that case was an insurance coverage case, and did not involve a normal investigation of a harassment claim where the defendant says its investigation and the termination were determined to be legal and proper by a specialist in employment law. On the waiver issue, the court cited to *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3rd Cir. 1994), "noting that the privilege can be impliedly waived when a party asserts reliance on the advice of counsel as an affirmative defense or as an essential element of its defense." *Botkin*, at * 18. As stated in Plaintiff's Memo. and in this Reply, the Town has made Ms. Judkins' advice central to an element of her defense, to the extent the Court relies on Third Circuit precedent. *Id*. The court in *Botkin* noted that the defendant there had not used the attorney-client privilege as a sword in the litigation. *Id*., **19, 20. The Town has done so in this case.

information with others outside of the privileged relationship and by putting privileged matters at issue, citing to *Small v. Hunt*, 152 F.R.D. 509, 512 (E.D.N.C. 1994).

In the case at bar, the Town's statement to the EEOC constitutes sharing confidential information through implication to a third party agency. That same conduct, together with the Town's other assertions in the depositions referenced in Ms. Berry's Memorandum, establish waiver of the privilege because the Town put allegedly privileged matters at issue.

The *Dudley* court stated that "*Hearn* doesn't ask if claims are based on an attorney's legal advice. Instead, it focuses on whether (the plaintiff there) has put 'protected information at issue' in this case. *Hearn*, 68 F.R.D. at 581." One element of the particular due process claim regarding suppression of evidence in *Dudley* included what knowledge the plaintiff and his counsel had of exculpatory evidence in an underlying criminal matter because suppression does not occur if the criminal defendant is already aware of the exculpatory information. *Dudley v. City of Kinston*, at *17. The *Dudley* court thus found that, even though the plaintiff's claims were not based on advice of counsel, the knowledge of the plaintiff and his lawyers were "directly at issue." *Id*., at *18.[5]

Similarly, the Town introduces Ms. Judkins' advice as a "counsel specializing in employment law" in order to suggest that the investigation and the Town's inclusion of Ms. Berry in the reduction in force was "legal and proper." If the Town's actions are found

---

[5] The court went on to analyze the "at issue" waiver under the Third Circuit's analysis in *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851 (3rd Cir. 1994) and found waiver there as well. *Rhone-Poulenc* suggests that in addition to relevance, waiver occurs "if the party asserting the privilege makes use of the privileged information, like when it 'attempts to prove [a] claim or defense by disclosing or describing an attorney client communication.'" *Id*., at 863. Ms. Berry has satisfied this requirement for "at issue" waiver as well in her description of the disclosures by the Town in her Memorandum.

to be "legal and proper," then the Town may have established a legitimate non-discriminatory reason for its actions, subject to a finding of pretext. Whether some of the adverse actions in this case were discriminatory or retaliatory may depend upon a showing that the Town's asserted reason for those actions were pretextual. Under any circumstances, the reason for the Town including Ms. Berry in the reduction in force is directly at issue in this case, and the Town wants the jury to conclude that its termination of Ms. Berry's employment was legal and proper because of Ms. Judkins' involvement. To the extent any privilege existed, the Town waived it.

WHEREFORE, for the reasons set forth above, and for the reasons set forth in Plaintiff's Memorandum, Ms. Berry respectfully requests that the Court grant her Motion to Compel, and that the Court grant such other and further relief as to the Court seems just.

                    JENNIFER BERRY

                By: /s/Timothy E. Cupp
                   Counsel

Timothy E. Cupp (VSB No. 23017)
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
Post Office Box 589
Harrisonburg, Virginia 22803
(540) 432-9988
(804) 278-9634 (facsimile)
Email: cupp@scs-work.com

Tim Schulte (VSB No. 41881)
Shelley Cupp Schulte, P.C.
3 West Cary Street
Richmond, Virginia 23220
(804) 644-9700
(804) 278-9634 (facsimile)
Email: schulte@scs-work.com
*Counsel for Plaintiff*

CERTIFICATE

I hereby certify that on November 19, 2021, I filed the foregoing Reply Memorandum in Support of Motion to Compel (containing redactions and Exhibits 1 and 2) with the Clerk through the CM/ECF/PACER system which will send a copy to counsel of record, and I filed the unredacted version of the Reply, with the Julie Bush deposition pages by emailing same to the Court at the following address: hoppe.ecf@vawd.uscourts.gov, and that I have filed a Motion to Seal in connection with this Memorandum, and I am forwarding same to defendant's counsel by email, along with a Motion to Seal as follows:

> Heather K. Bardot, Esquire
> Julia Judkins, Esquire
> Bancroft, McGavin, Horvath & Judkins
> 9990 Fairfax Boulevard, Suite 400
> Fairfax, Virginia 22030
> HBardot@bmhjlaw.com
> JJudkins@bmhjlaw.com

> /s/Timothy E. Cupp