IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| JENNIFER BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOWN OF FRONT ROYAL, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Jennifer Berry filed a motion to seal on March 14, 2022. (ECF No. 81.) Berry represented that she "does not believe that any of the exhibits or deposition transcripts submitted in connection with her partial summary judgment motion satisfy the requirements for sealing from the public record." (*Id.* at 2.) Berry nonetheless filed the motion because, "pursuant to the terms of the Protective Order" in this case, (*see* ECF No. 11), the parties cannot file certain exhibits with the court unless they move to file them under seal.[1] (ECF No. 81, at 2.) Defendant Town of Front Royal, Virginia ("the Town") filed a response to the motion indicating that it had no objections to the identified documents being filed as a matter of public record. (ECF No. 83, at 1.) The Town noted, however that Berry should redact the

---

[1] The Protective Order provides that the parties may designate as "confidential" documents and information including: "(a) medical records or other health-related information; (b) personal information about [Berry] and/or Defendant's employees, including but not limited to: social security numbers, tax information, personnel records (including disciplinary records) and health information; and (c) confidential or proprietary business and personal information, including but not limited to, income tax returns, balance sheets, financial and customer information and profit and loss statements." (ECF No. 11, at 1–2.) When a party wishes to file certain confidential materials with the court, the parties may either "agree that the confidential material need not be filed under seal" or "the party filing the confidential material shall . . . move to file, such material, under seal . . . ." (*Id.* at 4.)

"personal identifying information (home address)" contained in Exhibits 17 and 31 prior to filing. (*Id.* at 1.) Upon review, the court finds that Exhibits 17 and 31, are private employment records of a party who is not before the court and should therefore be filed under seal.

It is well-settled that the public generally has—and should have—access to records of judicial proceedings. *See Va. Dep't. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "This presumption of access, however can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Exhibits 17 and 31 are private employment records of a party who is not before the court. It contains private information regarding this party's salary, benefits, and other employment-related matters. The court cannot identify any public interest in the private employment records of a non-party and has determined that no remedy short of sealing can adequately protect the privacy interest of this non-party. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Accordingly, the court **GRANTS** Berry's motion to seal with respect to Exhibits 17 and 31. The clerk is directed to file those exhibits **UNDER SEAL**.

The court does not find any similarly private or sensitive information in the remaining exhibits and neither party asserts that those materials should be filed under seal. The court **DENIES** Berry's motion to seal with respect to the remaining exhibits and Berry may file those exhibits directly through the court's e-filing system.

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 15th day of March, 2022.

                                                    */s/ Thomas T. Cullen*
                                              HON. THOMAS T. CULLEN
                                              UNITED STATES DISTRICT JUDGE