IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Harrisonburg Division**

| | |
|---|---|
| **JENNIFER BERRY BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 5:21-CV-00001 |
| | ) |
| **TOWN OF FRONT ROYAL, VIRGINIA,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE OF COURT TO ENLARGE PAGE LIMIT

Plaintiff, Jennifer Berry Brown ("Berry" or "Plaintiff"), by counsel, submits this Memorandum in Support of her Motion requesting leave of Court to enlarge the page limit for Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment from 25 pages to 40 pages. Paragraph 14 of the Court's Scheduling Order (ECF 8) entered on March 12, 2021, as modified, states as follows:

> Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using one-inch margins, double-spaced lines, and at least 12-point font, unless the filing party first obtains leave of court after showing good cause why a longer brief is necessary.

Defendant, Town of Front Royal, Virginia (the "Town") filed its Motion for Summary Judgment and accompanying Memorandum in Support on March 14, 2021. The Town lists 31 paragraphs of purported undisputed facts, most of which are disputed by Berry. The Town also omitted many facts that support Berry's claims (such as those supporting Berry's motion for partial summary judgment relating to the PIO position) or demonstrate the genuine issues of material fact that are in dispute. Berry's opposition to the Town's summary judgment motion requires detailed citation to the evidence in the record. There are hundreds of pages of deposition transcripts and other documentary evidence in this case that establish disputed and genuine issues of material facts

in this case. To identify and describe for the Court what facts cited by the Town are in dispute, have been omitted, or mischaracterized, and to present those facts demonstrating Berry's evidence, Berry must cite and explain to the Court a great deal of evidence.

Additionally, there are numerous legal issues in sharp dispute between the parties that require analysis and explanation. An appropriate response to the Town's statement of the alleged facts and its legal argument requires more than the 25 pages allowed in the Court's Scheduling Order.

Berry's counsel emailed the Town's counsel earlier today to request consent to the increased page limit, but he has not received a response as of the time of filing of the Motion and this Memorandum. Because the briefs in opposition to the motions for summary judgment are due on March 28, 2022, counsel seeks an expedited ruling on the motion to enlarge the allowed length of the brief.

For the reasons stated above, Berry asks the Court to enlarge the page limit for Berry's Memorandum in Opposition to the Town's Motion for Summary Judgment to 40 pages.

        **JENNIFER BERRY BROWN**

        By: */s/ Timothy E. Cupp*_____
        Timothy E. Cupp (VSB #23017)
        Shelley Cupp Schulte, P.C.
        1951 Evelyn Byrd Avenue, Suite D
        Harrisonburg, VA  22803
        (540) 432-9988
        (804) 278-9634 [fax]
        cupp@scs-work.com

        Tim Schulte (VSB #41881)
        Shelley Cupp Schulte, P.C.
        3 W Cary Street
        Richmond VA 23220
        (804) 644-9700
        (804) 278-9634 [fax]
        schulte@scs-work.com
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2022, the foregoing was delivered through the CM/ECF system to be forwarded electronically to:

> Heather K. Bardot, Esquire
> McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
> 9990 Fairfax Blvd, Suite 400
> Fairfax, Virginia 22030
> hbardot@mbbtklaw.com
> Counsel for Defendant
>  */s/ Timothy E. Cupp*