IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JENNIFER BERRY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 5:21CV00001 |
| ) | |
| TOWN OF FRONT ROYAL, VIRGINIA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 56(d) MOTION</u>**

The Plaintiff, Jennifer Berry Brown, ("Plaintiff" or "Berry"), by counsel, files this Memorandum in Support of her Motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to defer ruling on the Defendant's Motion for Summary Judgment until after ruling on Plaintiff's Motion to Compel Testimony and Documents Concerning Advice and Involvement of Counsel (ECF No. 43). Plaintiff shows the Court as follows:

1. Plaintiff filed her Motion to Compel Testimony and Documents Concerning Advice and Involvement of Counsel (ECF No. 43) on November 5, 2021 along with her Memorandum in Support and supporting materials. The Memorandum and materials were sealed by the Court on November 8, 2021.

2. Defendant Town filed a response (ECF No. 47) in opposition to Plaintiff's Motion on November 12, 2021 and Plaintiff filed her reply on November 19, 2021, sealed by Order of the Court. (ECF 58).

3. Counsel for the parties advised the Court of their agreement to submit the Motion (ECF No. 43) to the Court for decision without oral argument.

4. The Honorable Joel C. Hoppe, Magistrate Judge, held a telephonic status conference with the parties on December 7, 2021. At that time, Plaintiff's counsel understood that an opinion was being written and a decision on ECF No. 43 would be forthcoming. The Court then continued the trial date to May 31, 2022 through June 3, 2022 and the discovery period was extended.

5. Plaintiff filed a Motion for Partial Summary Judgment on March 14, 2022, with supporting materials. ECF No. 79 and Memorandum in Support (ECF No. 80 and 80-1 through.80-34). Defendant likewise moved for summary judgment (ECF No. 74) that same date. The parties have responded to the respective summary judgment motions.

6. The information sought by the Motion to Compel (ECF No. 43) will provide additional support for Plaintiff's Motion for Partial Summary Judgment. The conduct at issue in the claims for which Defendant has moved for Summary Judgment requires inquiry into issues relating to pretext, and the involvement of Ms. Judkins as outside counsel in the investigation of Plaintiff's claims of gender discrimination, sexual harassment, hostile work environment, and retaliation plays a role in those claims, and Defendant Town has made her involvement relevant to the case as set forth in the Motion to Compel.

7. If the Court grants Plaintiff's Motion to Compel, then Plaintiff will be able to discover the involvement and advice of counsel leading up to the termination of Plaintiff's employment which may assist with the pretext analysis.

8. Plaintiff outlines in her Memorandum and the Reply in support of the Motion to Compel a number of instances where the involvement of Judkins bears on issues in this case, raising questions of what was told to her by the Town's employees, what she told them, and why she told them those things. This relates directly to Berry's claims in

this case because Berry's case was why Judkins was engaged to represent the Town. For example, Berry established through the 30(b)(6) deponent, Matthew Tederick, that the Town was advised by Ms. Judkins to take, and the Town did take, certain actions on October 2, 2019 against Berry. These actions were part of the Town's discriminatory and retaliatory plan it had set in motion after Berry had complained on August 15, 2019 of harassment by William Sealock, and after she had revealed a retaliatory job threat by Chris Holloway on September 6, 2019. Part of the October 2, 2019 advice of counsel involved a letter Tederick claims Judkins drafted for Tederick to send Berry that contained assertions that Berry was not doing certain tasks which subsequently obtained documents and depositions revealed the Town knew to be untrue as of that date. In the event the Court finds that there was a waiver of the attorney client privilege, then what Ms. Judkins knew and actually recommended or did on behalf of the Town is important here because the Town has used Ms. Judkins as a form of an undisclosed, but publicly relied upon expert.

9. As discussed in Plaintiff's Memorandum in Support of ECF No. 43 (pp. 14-15),

> Because the Town voluntarily disclosed portions of the advice it received from Ms. Judkins, and the Town has relied upon Ms. Judkins' involvement as its attorney to bolster the denials it has asserted in this case, any attorney-client privilege has been expressly waived for those communications between her and the Town. *See United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998); *Whitney v. Franklin Gen. Hosp.*, 2015 U.S. Dist. LEXIS 53943 **20, 21 (N.D. Iowa April 23, 2015).
>
> The Town wants to maintain the attorney-client privilege, but still use and testify to Ms. Judkins' expertise, special qualifications, and presence on its behalf to demonstrate that the Town was fair and was concerned about the legality of its actions during the investigation and in connection with Ms. Berry's termination. The Town cannot have it both ways. Either it uses the attorney-client privilege as a shield, or all communications with Ms. Judkins are open to discovery. Because of the offensive use of Ms. Judkins involvement in the investigation and the termination, including in the effort to show how fair

3

and legal the Town's actions were, all of the Town's communications with Ms. Judkins must be laid open.

10. The involvement of Ms. Judkins on behalf of the Town in the issues surrounding Plaintiff's termination are important because they may play into the pretext issue that in turn plays a significant role in several of the Plaintiff's claims in the case.

## ARGUMENT

A Rule 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). "[S]uch motions are "broadly favored and should be liberally granted" in order to protect non-moving parties from premature summary judgment motions. *McCray v. Md. DOT*, 741 F.3d 480, 484 (2014) (citations omitted). Significant for this case, the *McCray* court stated that "evidence of how defendants selected McCray's position (or other positions) for termination go to the crux of McCray's race discrimination claims. Absent discovery, she has no adequate access to this evidence, and therefore no way to shield herself from a premature summary judgment." *Id*. See *Harrods*, 302 F.3d at 246-247. (Rule 56(d) motion proper where main issue is one of motive and most of the key evidence lies in control of moving party).

Here, Plaintiff sought information from the Defendant Town's Rule 30(b)(6 designee about the involvement of counsel after having received information from which the Town appears to have waived attorney client privilege and further appears to be using advice it claims to have received as a sword in this litigation. Counsel for the Town instructed the witnesses not to answer questions about Judkins' advice or involvement.

4

Plaintiff seeks to obtain information from Ms. Judkins or her former firm regarding the following:

Judkins' involvement in the Berry investigation that HR Director Julie Bush has testified was completed before Judkins was contacted by the Town, the extent of Judkins' involvement in the investigation, and the nature of the information she obtained about the Town's attitude towards Berry during the investigation;

Judkins' involvement in drafting letters for Tederick to Plaintiff, drafts of those letters, and the information she received from him to perform the task;

Judkins' involvement in the promotion of Todd Jones to the position of public information officer (PIO) rather than Plaintiff, what she was told about whether Plaintiff had been or would be offered the position or whether she had turned down the position and training (and when), and if she was aware that William Sealock did not offer Plaintiff the PIO position;

Whether she was aware of Chris Holloway's threat to Plaintiff that if she did not withdraw her complaint against Sealock, her job would be in jeopardy, and when she became aware of that;

Whether the Town Council or individual Town Council members, or employees of the Town, talked about Plaintiff being "antagonistic" to council, and if so, how;

Whether the Town sought advice on how to get rid of or terminate Plaintiff's employment and when that happened;

Judkins' involvement in the termination of Plaintiff and the reduction in force, as well as in the communications with individual Council members, and the substance of

those communications, what plan was made for the transition and whether she knew what the employees or contractors would cost who replaced the RIF'd employees;

Whether Judkins knew before Plaintiff was fired that William Sealock had admitted to making a statement to Plaintiff in which he used the word "blow job" or other harassing, abusive, or bullying conduct by Sealock, including his conduct directed to LeTasha Thompson;

What she knew about the involvement of William Sealock and Chris Holloway in the termination of Plaintiff; and

The information communicated from the Town to Judkins for her to base her advice of counsel, what advice or counsel she was asked to render, and her advice to the Town.

Discovery of these areas of information will assist in proof of motive or intent in this case on a number of issues. Plaintiff's counsel believes that, if the Court grants her Motion to Compel, and finds a waiver of the attorney client privilege by the Town, these areas of inquiry and the documents relating to such areas, will be relevant to Plaintiff's claims, including pretext issues. Counsel's declaration is attached as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant her Motion to Defer Ruling until it rules on Plaintiff's Motion to Compel, ECF No. 43.

                                              JENNIFER BERRY BROWN

                                              By:   /s/Timothy E. Cupp
                                                        Counsel

Timothy E. Cupp (VSB No. 23017)
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
Post Office Box 589
Harrisonburg, Virginia 22803

(540) 432-9988
(804) 278-9634 (facsimile)
Email: cupp@scs-work.com

Tim Schulte (VSB No. 41881)
Shelley Cupp Schulte, P.C.
3 West Cary Street
Richmond, Virginia 23220
(804) 644-9700
(804) 278-9634 (facsimile)
Email: schulte@scs-work.com
*Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on March 28, 2022, I electronically filed the foregoing Memorandum with the Clerk through the CM/ECF system, which will send a copy to Defendant's counsel of record as follows:

> Heather K. Bardot, Esquire
> McGavin, Boyce, Bardot, Thorsen & Katz, PC
> 9990 Fairfax Boulevard, Suite 400
> Fairfax, Virginia 22030
> HBardot@mbbthk.com

/s/Timothy E. Cupp

7