IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JENNIFER BERRY BROWN, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>TOWN OF FRONT ROYAL, VIRGINIA, )<br>)<br>)<br>Defendant. ) | Civil Action No. 5:21CV00001 |

## **DECLARATION IN SUPPORT OF RULE 56(d) MOTION**

The undersigned, Timothy E. Cupp, declares under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge.

1. I am counsel for the plaintiff in this case. I am over the age of 18 and am competent to make these statements. The statements herein are based on my personal knowledge, including knowledge gained through representation of the plaintiff in this case. I am familiar with the issues in this case.

2. I attempted to obtain discovery on behalf of plaintiff on issues relating to advice of counsel, and in particular advice from Julia Judkins and communications between the Town and Julia Judkins, who the Town indicates it had hired as outside counsel in 2019 and continuing into 2020 relating specifically to matters concerning my client. Counsel for the Town objected and instructed various deponents not to answer any such questions based on the attorney client privilege.

3. I believe that the questions to which I sought answers at depositions were appropriate because of the Town's use of advice of counsel as a sword, including referring to retaining an expert employment lawyer to insure that everything was done legal and proper, or words to that effect. It is my opinion that based on its conduct the Town has waived attorney client privilege through its conduct, and I filed the Motion to Compel, ECF No. 43, seeking an order from the Court on that issue.

4. I believe that the following are areas of inquiry that are important to the issues in this case, and that full discovery into these issues may assist in addressing matters of motive, intent, and pretext in this case under Title VII:

   a. Judkins' involvement in the Berry investigation that HR Director Julie Bush has testified was completed before Judkins was contacted by the Town, the extent of Judkins' involvement in the investigation, whether the investigation sought to implicate Berry in some performance issue, and the nature of the information she obtained about the Town's attitude towards Berry during the investigation;

   b. Judkins' involvement in drafting letters for Tederick to Plaintiff, drafts of those letters, and the information she received from him to perform the task;

   c. Judkins' involvement in the promotion of Todd Jones to the position of public information officer (PIO) rather than Plaintiff, what she was told about whether Plaintiff had been or would be offered the position or whether she had turned down the position and training (and when), whether she advised not to give the position to plaintiff, and if she was aware that William Sealock did not offer Plaintiff the PIO position;

d. Whether she was aware of Chris Holloway's threat to Plaintiff's job if she did not withdraw her complaint against Sealock, and when she became aware of that;

e. Whether the Town Council or individual Town Council members, or employees of the Town, talked about Plaintiff being "antagonistic" to council, and if so, what they said and her advice relating to that antagonism;

f. Whether the Town sought advice on how to get rid of or terminate Plaintiff's employment, when that happened, and Judkins' advice;

g. Judkins' involvement in the termination of Plaintiff and the reduction in force, as well as in the communications with individual Council members, and the substance of those communications, what plan was made and by whom for filling the gap left by the RIF, and whether she knew what the employees or contractors would cost who replaced the RIF'd employees;

h. Whether Judkins knew before Plaintiff was fired that William Sealock had admitted to making a statement to Plaintiff in which he used the word "blow job" or other harassing, abusive, or bullying conduct by Sealock, including his conduct directed to LeTasha Thompson;

i. What she knew about the involvement of William Sealock and Chris Holloway in the termination of Plaintiff; and

j. The information communicated from the Town to Judkins for her to base her advice of counsel, what advice or counsel she was asked to render, and her advice to the Town.

While counsel cannot know what the discovery will reveal, I believe that, if the Court grants the Motion to Compel, and thereby finds a waiver of the attorney client

privilege by the Town, these areas of inquiry and the documents relating to such areas and communications between Judkins and the Town, will be relevant to issues bearing on Plaintiff's claims, including motive and pretext.

Executed in Rockingham, Virginia this 28th day of March, 2022.

/s/*Timothy E. Cupp*