**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

JENNIFER BERRY BROWN,     )
                     )
     Plaintiff,        )
                     )     Case No.: 5:21cv00001
v.                   )
                     )
TOWN OF FRONT ROYAL, VIRGINIA,   )
                     )
     Defendant.       )

**DEFENDANT'S OBJECTIONS TO ECF NO. 97**

COMES NOW defendant, Town of Front Royal, Virginia (sometimes hereafter "the Town"), by counsel, and files its objections to the Magistrate Judge's Memorandum Opinion & Order ("the Opinion") dated March 31, 2022, as follows:

## I.    BACKGROUND

This case emanates from Jennifer Berry Brown's ("Berry") claim that she suffered sexual harassment at the hands, not of a fellow employee as stated in the Opinion, but of an elected Council member, William Sealock ("Sealock"). Berry reported that alleged harassment to Chris Holloway ("Holloway"), another Council member, on August 15, 2019, after which Holloway passed the information onto Matthew Tederick ("Tederick"), then Interim Mayor, who passed the information onto HR Director, Julie Bush ("Bush"), with the directive that she immediately open an investigation.

In addition to directing Bush to open an investigation into Berry's claims of sexual harassment, the Town retained outside counsel, Julia Judkins ("Judkins"), shortly after the allegation of sexual harassment was made by Berry. ECF No. 46-1, p. 29. The reason the Town hired Judkins was "to advise Town council as it relates to a complaint that was made by Ms.

Berry." *Id.* The Town "retained outside counsel eventually to make sure [the investigation] was done per the law." *Id.* at p. 110. Judkins' role was "general counsel to offer advice and counsel to the Town. *Id.* at 41-42. Judkins did ***not*** tell the Town how to conduct the investigation. *Id.* at 42. She "provided legal advice and counsel." *Id.*

Tederick was asked whether Judkins made a determination about what conclusion to draw in the investigation. *Id.* Tederick advised that she ***did not***. *Id.* Rather, "***the report [created by HR] was provided to her and she offered legal advice and counsel to the report***." *Id.*(emphasis added). In follow up, Berry's counsel asked Tederick whether Judkins advised the Town what to put into its investigative report, and Tederick denied that stating, again, "[t]he report was provided to her and she offered legal advice and counsel as relates specifically to that document. Not what to say in the document." *Id.*

The Town submits that, given the record before this court, as summarized fully above,[1] the Opinion is clearly erroneous and contrary to law to the extent that it finds that the Town waived attorney-client privilege as to communications with Judkins regarding "the investigation of Brown's complaints of harassment, Ms. Judkins's conclusions about the investigation, and her advice about any remedial measures to address the alleged harassment." ECF No. 97, p.13. The Town asks that the court so find and set aside that portion of the Opinion.

---

1 The Town notes that in his summary of the evidence in the record, the magistrate judge ignored or overlooked the fact that the evidence shows that Judkins did not (a) tell the Town how to conduct its investigation or (b) direct the Town as to what conclusion it should draw from the investigation. The magistrate judge also ignored or overlooked the fact that the evidence in the record reflects that the Town provided Judkins with its report **after** it was prepared for her to offer legal advice and counsel on the report. There is **no** evidence that Judkins' role was any greater than reviewing the Town's report which it, alone, had created. These are very significant factual omissions by the magistrate judge.

## II.     LAW AND ARGUMENT

### A.  Standard of Review

Federal Rule of Civil Procedure 72(a) provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. *The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.*

(emphasis added). Thus, a district court judge ***must*** modify or set aside any part of a magistrate judge's order which is clearly erroneous or is contrary to law.

### B.  The Opinion is Clearly Erroneous and Contrary to Law to the Extent that it Finds that the Town Waived Attorney-Client Privilege as to Communications with Judkins Regarding the Investigation into Berry's Complaints of Harassment, Judkins' Conclusions About the Investigation, and Her Advice About Any Remedial Measures to Address the Alleged Harassment.

In the Opinion, the court correctly notes that "[t]he attorney-client privilege has long been recognized as warranting special protection in order 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" ECF No. 97, p. 6, citing *Billings v. Stonewall Jackson Hosp.*, 635 F. Supp. 2d 442, 444 (W.D. Va. 2009)(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Opinion, however, totally eviscerates the attorney-client privilege in this case without a basis in fact or law. To reach its erroneous conclusion, the Opinion concludes that this case is analogous to *Chivers v. Central Noble Community Schools*, No. 1:04cv394, 2005 WL 6567356 (N.D. Ind. Aug. 4, 2005). That finding, which formed the basis of the Opinion, is clearly erroneous.

3

In *Chivers*, a student and her father ("the plaintiffs") sued a college for Title IX violations. During the lawsuit, the plaintiffs served a subpoena on Attorney Jon Bailey ("Bailey), as he had provided legal services and advice to the college during its investigation of the complaint and subsequent remedial action. The subpoena sought to depose Bailey and have him produce documents related to his participation in the investigation and action taken by the college in response to the complaints made by the student. Counsel for the college moved to quash the subpoena on the basis of attorney-client privilege and work-product. The court denied the motion and ordered the deposition to proceed. After the deposition, the motion to quash was renewed and again denied. The reasoning of the *Chivers* court is best summarized at *10-11:

> In short, Dr. Stone testified that he essentially turned the investigation of [the student's] charges over to [the college's] attorney (presumably, Bailey), and it was counsel who assembled the facts, drew the conclusions, and constructed the remedial response….To prevent plaintiffs from discovering what was done by counsel and why, would be tantamount to giving [the college and its counsel] both the 'sword' (i.e., the argument 'we were reasonable because we had our attorney's investigate the charge and craft a response') and the 'shield' (i.e., 'what our attorneys did, and why they did it, is privileged')."

The *Chivers* court went on to explain that since Stone had turned the investigation over to counsel, he was "patently unable" to describe the investigation and what transpired. *Id.* at *12. Thus, the *Chivers* court found, there was no other means by which the plaintiff could learn about what happened during the investigation other than through counsel to whom the investigation had been turned over. *Id.* at *13. In making its ruling, the *Chivers'* court contrasted the facts of the case before it with *Pray v. New York City Ballet Co.*, 1998 U.S. Dist. LEXIS 2010, No. 96 Civ. 5723 RLC, 1998 WL 558796 at *2 (S.D.N.Y. Feb. 13, 1998), wherein the court found that there had been no waiver of the attorney-client privilege where plaintiff was given access to all facts and

aspects of the investigation, allowing plaintiff to sufficiently contest defendant's assertion that its response to the sexual harassment claim was sufficient.[2]

The facts present in this case are analogous to *Pray* and completely unlike what was present in *Chivers*. Here, the investigation into Berry's complaints was conducted by Bush, and Bush alone. She is the only person who conducted interviews of witnesses or compiled documents and/or facts. Berry knows this as she has taken Bush's deposition twice and exhaustively inquired about the investigation which she conducted. Berry has had full access to Bush's notes, to include statements taken from witnesses and a detailed timeline which was prepared in anticipation of litigation and inadvertently produced to Berry.[3] At no time during Bush's investigation did Judkins ***ever*** participate in the investigation[4], question witnesses, assemble facts, draw conclusions or construct a remedial response, as was the case in *Chivers*. As Tederick testified to, Judkins was hired to provide legal counsel and advice as needed during the investigation. Once Bush completed her report, Judkins reviewed it to provide legal advice and counsel related to the report which the Town – alone – prepared. Berry has this report. Judkins "involvement" in the investigation

---

2 See also, *Doe v. Baylor Univ.*, 335 F.R.D. 476, 493 (2020) (distinguishing cases where waiver of privilege is warranted from those, for example, where a university conducted its own investigation and implemented its own reforms, while consulting with a law firm for guidance resulting in no waiver).

3 It is not the case here, like in *Chivers*, that "to prevent plaintiffs from discovering what was done by counsel and why, would be tantamount to giving [the college and its counsel] both the 'sword' (i.e., the argument 'we were reasonable because we had our attorney's investigate the charge and craft a response') and the 'shield' (i.e., 'what our attorneys did, and why they did it, is privileged')." *Id.* at *10-11. Berry has had full access to the Town's investigation materials and the Town employee who, alone, conducted the investigation. Berry knows everything that there is to know other than what legal advice Judkins may have provided to the Town.

4 There is absolutely no factual support in the record for the magistrate's statement that the "Town hired Ms. Judkins to investigate Brown's complaints" as set forth at ECF No. 97, p. 12. Similarly, there is no factual support in the record to support the magistrate judge's statement that, "the Town relied on its counsel to investigate Brown's claims of harassment, develop conclusions about the investigation, and determine the necessity of remedial actions." *Id.* This statement is derived from whole cloth.

represents the quintessential attorney-client relationship. There is no basis for finding a waiver of privilege because, unlike in *Chivers*, Judkins' role in the investigation was simply to give legal advice if questions arose during the Town's investigation. The Town and its HR representatives are not lawyers. They depend on advice of counsel to understand the law. If the court were to find that Judkins' availability for this limited purpose – providing legal advice - amounts to a waiver of attorney-client privilege, then no employer could ever seek counsel to assist it in answering legal questions during an investigation of a harassment (or other) complaint.

The Town submits that it is beyond question that the Opinion, to the extent it finds a waiver of privilege related to the investigation, is clearly erroneous and contrary to law. This court should so find.

## III.    CONCLUSION

WHEREFORE, considering the above, defendant, Town of Front Royal, Virginia, by counsel, objects to that portion of the Opinion which finds a waiver of attorney-client privilege related to the Berry investigation, submits that the magistrate judge's opinion in that respect is clearly erroneous and contrary to the law protecting attorney-client privilege, and submits that this court must so find and set aside that portion of the Opinion.

**Respectfully submitted,**

**TOWN OF FRONT ROYAL, VIRGINIA**
By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Phone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com


_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy E. Cupp, Esquire
Shelley Cupp Schulte, PC
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
Telephone:     (540) 432-9988
Facsimile:     (804) 278-9634
cupp@scs-work.com
Counsel for Plaintiff

Tim Schulte, Esquire
Shelley Cupp Schulte, PC
2020 Monument Avenue
Richmond, Virginia 23220
Telephone:     (804) 644-9700
Facsimile:     (804) 278-9634
Shelley@scs-work.com
Co-Counsel for Plaintiff

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Phone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com


_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendant