IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JENNIFER BERRY BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:21CV00001 |
| ) | |
| **TOWN OF FRONT ROYAL, VIRGINIA,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER**

The Plaintiff, Jennifer Berry Brown ("Brown" or "Plaintiff"), by counsel, and for her Opposition to Defendant, Town of Front Royal's ("Town" or "Defendant") Objections (ECF No. 109) to Magistrate's Memorandum Opinion and Order (ECF No. 97) says as follows:

**I.   Introduction**

On March 31, 2022, Magistrate Judge Joel C. Hoppe ruled in his Memorandum Opinion and Order (ECF No. 97) on Brown's Motion to Compel Testimony and Documents Concerning Advice and Involvement of Counsel (ECF No. 43). Magistrate Judge Hoppe ruled, in part and as relevant to the issues now before the Court, that the Town has put at issue communications with its legal counsel, Julia Judkins, regarding the investigation of Brown's complaints of harassment and Ms. Judkins's conclusions from that investigation, thereby waiving the attorney-client privilege for those communications. He directed the Town to disclose its communications with Ms. Judkins regarding the investigation of Brown's complaints of harassment, her conclusions from the investigation, and her advice about any remedial measures taken in response to the alleged harassment. The Town objects to this portion of the Magistrate Judge's decision.

Because the Magistrate Judge's ruling is not clearly erroneous or contrary to law, but in fact is rooted firmly in the factual record before the Court, including deposition testimony by the Town's own witnesses, as well as in applicable case law, and further because the objections are untimely, those objections should be overruled.

## II. The Objections Are Untimely

This Court gave the parties a defined period within which to file objections to the Magistrate Judge's order. The Order entered on April 6, 2022 (ECF No. 105) stated: "the court **ORDERS** that, if the parties wish to file objections, they must do so by 5:00 p.m. on April 14, 2022." (Emphasis in original). Pursuant to Fed. R. Civ. P. 72(a), "[a] party may not assign as error a defect in the order not timely objected to." The Town failed to comply with the court's Order with respect to the time for filing of objections. Rather than comply with the Order, it filed its objections at 9:54 p.m., almost five hours past the court's deadline, without seeking leave to file late. See Notice of Electronic Filing for ECF No. 109. The failure to meet the filing deadline, with no request before or after the filing to obtain an extension showing excusable neglect or good cause, is fatal to the Town's objections. See, *e.g.*, *Berman v. Cong. Towers Ltd. P'ship*, 325 F.Supp. 2d 590, 592-94 fn 3 (D. Md. 2004) (completion of filing of objection to magistrate's ruling 6 minutes and 49 seconds after due date for objections deemed untimely under Rule 72(a)).

## III. Standard of Review

A district court may not reverse, modify, or set aside any portion of a magistrate judge's decision on a non-dispositive pretrial matter, such as a motion to compel discovery, unless the decision is clearly erroneous or contrary to law. *Bruce v. Hartford,* 21 F. Supp. 3d 590, 593 (E.D. Va. 2014) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)); *Sines v. Kessler*, 2019 U.S.

Dist. LEXIS 25769 \*\*3, 4 (W.D. Va. Feb. 19, 2019); s*ee also, Peebles v. Four Winds Int'l*, 2008 U.S. Dist. LEXIS 26011 \*\*9-10 (W. D. Va. March 31, 2008). The factual portions of a magistrate judge's order are to be reviewed under the clearly erroneous standard. "A ruling is 'clearly erroneous' only when the totality of the record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'" *Sines v. Kessler*, 2019 U.S. Dist. LEXIS 25769 at \*4 (citations omitted).  The magistrate's ruling is contrary to law where it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Franklin v. Liberty Univ., Inc.*, 2017 U.S. Dist. LEXIS 126695 \*3 (W.D. Va. April 26, 2017) (citing *Bowers v. Univ. of Virginia,* 2008 U.S. Dist. LEXIS 44604 \*3 (W.D. Va. June 6, 2008)).

"In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Minke v. Page Cty*, 2019 U.S. Dist. LEXIS 30058 \*3 (W.D. Va. Feb. 25, 2019) (citing *Shoop v. Hott*, 2010 U.S. Dist. LEXIS 128740, 2010 WL 5067567, \*2 (N.D. W.Va. Dec. 6, 2010) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D. N.Y 1982)). "It is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Peebles,* 2008 U.S. Dist. LEXIS 26011 \*10 (quoting 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed. 1998).

Judge Hoppe properly observed that the proponent of the attorney-client privilege bears the burden of demonstrating its applicability.  ECF No. 97, p. 7.  His ruling properly allocated to the Town the burden in this discovery dispute over its waiver of the attorney-client privilege.  See *Minke v. Page Cty*, 2019 U.S. Dist. LEXIS 30058 at \*4 (W.D. Va. Feb. 25, 2019) (where the County objected to discovery based on a privilege, it had the burden of proving that the challenged discovery should not be permitted).

3

The Town failed to sustain its burden in response to the initial Motion to Compel as well as in its Objections with regard to Ms. Judkins's involvement in the investigation of Brown's complaints of sexual harassment. The Town failed to address the effect of the facts on which Judge Hoppe based his ruling, and did not justify its argument that Judge Hoppe's factual findings were clearly erroneous. The facts relied upon by Judge Hoppe came directly from the Town's documents and from testimony by the Town's witnesses, including its designee for testimony at the Fed. R. Civ. P. 30(b)(6) deposition, Matthew Tederick.  Thus, Judge Hoppe cited to the factual record, including the transcript excerpts where Tederick testified that the investigation of Brown's complaints of sexual harassment was "conducted by HR and counsel." ECF No. 97, Pageid#: 2459-2461.

The Magistrate Judge's rulings at issue here are based in the record evidence and are not clearly erroneous or contrary to law.  Therefore, the Town's objections must be overruled.

**IV.     The Town's Objections to the Magistrate Judge's Factual Findings Lack Merit.**

The Town's objections to the Magistrate Judge's factual findings are significant in their failure to address the facts actually relied upon by Judge Hoppe.  By failing to address those facts, the Town cannot say why the findings of fact in the Opinion are not supported by the record. The Town does refer to other evidence, but none of that evidence contradicts or diminishes the evidence on which Judge Hoppe relied.  As discussed in detail in Plaintiff's Memorandum in Support of Motion to Compel (ECF No. 46), the Town insinuated its counsel, Ms. Judkins (who remains counsel of record in this case), into its defenses and denials. Tederick, the Town's Fed. R. Civ. P. 30(b)(6) designee, repeatedly testified that no determination could be made as to what conduct violated the Town's own sexual harassment policies without the determination by legal counsel. He further testified that Ms. Judkins was part of the "investigative body" in relation to Brown's

complaint. These facts and others in the record on which the Magistrate Judge relied establish that Ms. Judkins's involvement placed the communications with Ms. Judkins at issue and that the Town has waived the attorney-client privilege.

### A. Defendant's objections are conclusory and fail to address the testimony in the record on which the Magistrate Judge relied.

In Defendant's' Objections to ECF No. 97 (ECF No. 109), the Town selects a few passages from the Fed. R. Civ. P. 30(b)(6) Deposition of the Town, but it does not include the facts relied upon by the Magistrate Judge. The Town asserts that its recitation fully summarizes the record before this Court. From this inaccurate premise, the Town then relies on the isolated excerpts it selected for its argument that the Magistrate Judge's "Opinion is clearly erroneous and contrary to the law to the extent that it finds that the Town waived attorney client privilege as to communications with Judkins regarding 'the investigation of Brown's complaints of harassment, Ms. Judkins's conclusions about the investigation, and her advice about any remedial measures to address the alleged harassment.'" ECF No. 109, Pageid#: 2777. The Town also asserts that the Magistrate Judge ignored or overlooked the fact that the evidence "reflects that the Town provided Judkins with its report **after** it was prepared for her to offer legal advice and counsel on the report" and asserts that "[t]here is **no** evidence that Judkins' role was any greater than reviewing the Town's report which it, alone, had created." *Id.* at fn1.[1] But this argument ignores the facts found

---

[1] The Town does not describe or identify the "report" to which it refers. It does, however, add its own parenthetical (not contained in the actual transcript) of "created by HR" to Tederick's cited deposition testimony. Judge Hoppe did have in the record for consideration the "Timeline" document prepared by Ms. Bush that the Town says it "inadvertently" produced (ECF No. 109, Pageid#: 2780) late in the discovery process and to which no attorney-client privilege attaches. See ECF No. 53, Pageid#: 260-263. The Timeline suggests that Bush's involvement in the investigation was completed as of September 6, 2019 (see ECF No. 53, Pageid#: 263), and legal counsel was not contacted until September 10, 2019. Whatever was done on the investigation for the two months following September 6, 2019 necessarily was done by Ms. Judkins. See ECF No. 53, pp. 3-5,

5

by the Magistrate Judge described below, and none of the smattering of the transcript cited by the Town precludes or limits a finding that Ms. Judkins performed other work for the Town in connection with Brown's complaint, including being part of the investigative body as Tederick testified. In fact, the evidence shows that Ms. Judkins was fully engaged in the investigation when she was retained and was involved in making the final determination.

The Town asserts that the Magistrate Judge ignored or overlooked the evidence (ECF No. 109, Pageid#: 2777, fn1) and even goes so far as to say that his statement that the "Town hired Ms. Judkins to investigate Brown's complaints" has "absolutely no factual support" and his statement that "the Town relied on its counsel to investigate Brown's claims of harassment, develop conclusions about the investigation, and determine the necessity of remedial actions" is "derived from whole cloth." ECF No. 109, Pageid#: 2780, fn 3.

**B. The Magistrate Judge's opinion is rooted in Defendant's own witnesses' testimony.**

A review of the evidence of record on which the Magistrate Judge properly relied makes clear that the Magistrate Judge did not ignore or misconstrue the evidence and he did not create his opinion out of "whole cloth."  See *Sines v. Kessler*, at *4, indicating that a ruling is clearly erroneous only when the "totality of the record" leaves the court with the firm conviction that a mistake has been committed. The Magistrate Judge found from the evidence presented that Ms. Judkins was hired to investigate Brown's complaints and to make sure the investigation was "done per the law." ECF No. 97, Pageid#: 2468, citing to Tederick Dep. Tr., 46-1, at 32.  "Tederick also represented that the **investigation into Brown's complaints was being 'conducted by HR and**

---

Pageid#: 261-263.  As noted in Plaintiff's Reply, *id*. at p. 4, Pageid#: 262, the Town was advised by Ms. Judkins to take and it did take certain actions on October 2, 2019 (which were part of the Town's discriminatory and retaliatory plan against (Brown)), and Ms. Judkins was working on the investigation.

6

**counsel**,' *id*. at 36, and that '**if legal counsel and the HR department had concluded** that there was sexual harassment or retaliation or a hostile work environment,' he 'without a doubt, . . . would have encouraged Council to take all the appropriate action afforded to us by the law," *id.* at 37." ECF No. 97, Pageid#: 2460 (emphasis added) (citing to Tederick Dep. Tr.).  These facts are derived from the record and they demonstrate that Ms. Judkins was not just involved in the investigation, but she actually conducted the investigation with HR.

The Magistrate Judge cited directly to Tederick's testimony, including Tederick's further and repeated testimony when asked whether certain conduct would violate the Town's policies against harassment that **a determination would have to be made by HR and legal counsel** (ECF No. 97, Pageid#: 2460 (emphasis added). Tederick further referred to the "investigative body" regarding harassment complaints in this case as "the HR Director, in conjunction with legal counsel…"  ECF No. 97, Pageid#: 2460.

Tederick also testified that Ms. Judkins was retained "very early in this process . . . to ensure that we were following employment law and the Personnel Policy." Councilmember Letasha Thompson testified that Bush had **"sought outside help" from Ms. Judkins to handle Brown's complaints**, **Council was "mostly relying on [Judkins] at some point and that's why Bush couldn't move forward without talking – you know, working with her**."  ECF No. 97, Pageid#: 2460-2461 (emphasis added).  This all is consistent with the Magistrate Judge's conclusion that Ms. Judkins was hired to investigate Brown's complaints, that the Town relied on Ms. Judkins' work on its behalf as part of the investigative body into Brown's complaints, and that she was involved in conducting the investigation and in making the determination on Brown's complaints.

Thus, the evidence in the record before the Magistrate Judge is uncontroverted that Ms. Judkins was involved in conducting the investigation of Brown's complaints of harassment and that the Town relied on Ms. Judkins and the HR department to determine whether the investigation showed "that there was sexual harassment or retaliation or a hostile work environment." ECF No. 97, Pageid#: 2468, citing to Tederick Dep., ECF No. 46-1, at pp. 32, 35 and 37.

But there is more. Tederick admitted to using Ms. Judkins's services as part of what Brown relies on as retaliatory conduct at issue in this case and she advised the Town how to structure its communications with Brown during the course of her investigation which the Town attempts to use to create a false narrative that Brown was uncooperative and defiant and "in danger of disciplinary action." Brown set forth in her Memorandum in Support of Motion to Compel that Tederick affirmatively relied on advice of Ms. Judkins to create and send his letter on October 2, 2019 in which he falsely asserted that Brown "continually refused to follow the guidance by the Town of her work hours and signing her evaluation form." ECF No. 46, p. 9; ECF No. 53, p. 4, Pageid#: 262. That letter also falsely stated that Brown was refusing Council's directive to post on her door the times when she would be away from her office. ECF No. 53, p. 4, Pageid#: 262 and ECF No. 53-2 (Sept. 9-12-2019 Timeline, at p. 7, showing that the Town knew that Brown posted her times away from office). Thus, Ms. Judkins was performing other services on behalf of the Town in relation to Brown that put her communications with the Town at issue.

The Magistrate Judge properly relied upon the facts set forth in the record in this case to find that the Town has waived the attorney-client privilege with Ms. Judkins regarding the investigation of Brown's complaints of harassment, Ms. Judkins's conclusions about the investigation, and her advice about any remedial measures to address the alleged harassment. The Magistrate Judge's findings of fact are based on ample evidence in the record, and he has not

abused the broad discretion given to him under Rule 72 in the resolution of Brown's Motion to Compel. The Court must examine the totality of the record, and when that is done, the Town's objections fail to support "a definite and firm conviction that a mistake has been committed." *Bruce v. Hartford,* 21 F. Supp. 3d at 593-594 (citations omitted). Rather, the Magistrate Judge's factual findings and the legal conclusions drawn from them are well-founded.

## V.     Defendant's Objections to the Magistrate Judge's Legal Conclusions Are Based Upon the Town's Faulty Argument Regarding the Facts.

The Town asserts that the Opinion is contrary to law and that the Magistrate Judge's conclusion that this case is analogous to *Chivers v. Central Nobel Community Schools*, No. 1:04cv394, 2005 WL 6567356 (N.D. Ind. Aug. 4, 2005) is clearly erroneous and contrary to law. ECF No. 109, Pageid#: 2778. To support this assertion, the Town argues that the facts present in this case are "completely unlike what was present in *Chivers*" because Bush and Bush alone conducted the investigation and "[a]t no time during Bush's investigation did Judkins *ever* participate in the investigation." ECF No. 109, Pageid#: 2880. The Town does not cite to any evidence to support these conclusory statements. There is no such evidence in the record before the Magistrate Judge. Rather, the Town's assertion directly conflicts with the evidence the Magistrate Judge found in the record that includes Tederick's testimony that the **investigation** into Brown's complaints of harassment, sexual harassment and hostile work environment was **"conducted by HR and counsel -- and legal counsel**." ECF No. 46-1 at 36, Tederick Dep. Tr. 117:8-16 (emphasis added).

The Town does not question the legal principles from *Chivers*,[2] but rather asserts that the case does not apply because the facts before the court are "completely unlike" the facts in *Chivers*. Resolution of the Town's argument that the Magistrate Judge's ruling is contrary to law actually comes down to whether or not the Magistrate Judge's factual findings are clearly erroneous. The Town makes assertions in its argument that have no citation to the record. It claims that at no time during Bush's investigation did Ms. Judkins participate in the investigation, question witnesses, assemble facts, draw conclusions or construct a remedial response. It goes on to say that Ms. Judkins reviewed Bush's report to provide legal advice related to the report which "the Town – alone – prepared." ECF No. 109, Pageid#: 2780. Without a citation to any record evidence supporting these assertions, they must fail. The Court relied upon the evidence presented. Tederick testified that Ms. Judkins was involved in the investigation. She necessarily made conclusions about Brown's complaints. The Town also had an opportunity to provide evidence from Ms. Judkins or from Ms. Bush to support its contention. It failed to do so, and its objections must fail as well. The Town attempts to distinguish this case from *Chivers*, but that distinction again relies upon the Town's incomplete recitation of facts, which recitation excluded from its summary the facts relied upon by Judge Hoppe.

---

[2] The *Chivers* opinion cites favorably to *Harding v. Dana Transp., Inc.,* 914 F.Supp. 1084, 1103 (D. N.J. 1999), relied upon by Brown (ECF No. 46, p. 12). The *Chivers* opinion stated that in *Harding*, the court found that "defendant placed the investigation of sexual harassment claim at issue and the doctrine of fairness dictated waiver of the attorney-client privilege to allow probing of the substance of the investigation.") *Chivers. v. Cent. Noble Cmty. Schs.*, 2005 U.S. Dist. LEXIS 16057 **11-12 (N.D. Ill. Aug. 4, 2005). That is what happened in the case at bar. According to Tederick's testimony cited herein, the Town could make no decision under its policies as to what conduct constituted sexual harassment without the involvement of legal counsel, and that he supposedly wanted the investigation to be done according to law. He further testified that Ms. Judkins and HR were the investigative body. Bush could not move forward on the investigation without working with Ms. Judkins, according to Thompson. The Town put Ms. Judkins's involvement and decision making at issue in its defenses and denials, including its efforts to show how fair it is, and it has waived the attorney-client privilege as a result.

The Town further cites to *Pray v. New York City Ballet Co.*, 1998 U.S. Dist. LEXIS 2010 (S.D. N.Y. 1998), in an attempt to support its argument that there was no waiver of the attorney-client privilege where plaintiff was given access to all facts and aspects of the investigation. That case does not support the Town's contention. In *Pray*, the plaintiff *already* had deposed the two law firm associates who "undertook the bulk of the investigations" of the sexual harassment complaints. The district court upheld that portion of the magistrate judge's ruling allowing the plaintiff to depose *two partners in the firm* regarding their role and activity in the investigations. *Id*. at *3. Further waiver of the work product doctrine was addressed in light of plaintiff being allowed to take those depositions. Obviously, those facts differ substantially from this case. Here, of course, Brown has not deposed Ms. Judkins or seen any communications between her and the Town. For that reason alone, *Pray* is inapposite. The Town argues further that Bush alone conducted the investigation. It contends that she alone conducted the interviews and that Brown has been given access to everything relating to the investigation. The Town again cites to no record evidence to support these assertions which are in direct conflict with the facts found by the Magistrate Judge from the record.

If the Court finds that the Magistrate Judge's factual findings are not clearly erroneous given that they are derived directly from the Town's own witnesses who were represented at their depositions by the Town's counsel, it should find that the Town has no basis for its argument that the Magistrate Judge's legal conclusions are contrary to the law.

## VI. <u>Conclusion</u>

For the foregoing reasons and for the reasons set forth in Plaintiff's Memorandum in Support of Motion to Compel (ECF No. 46) and in Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 53), Defendant's Objections to the Magistrate Judge's Memorandum Opinion (ECF No. 109) should be overruled.

                                                   JENNIFER BERRY BROWN
                                                   By:    /s/Timothy E. Cupp
                                                              Counsel

| | |
|---|---|
| Timothy E. Cupp (VSB No. 23017) | Tim Schulte (VSB No. 41881) |
| Shelley Cupp Schulte, P.C. | Shelley Cupp Schulte, P.C. |
| 1951-D Evelyn Byrd Avenue | 3 West Cary Street |
| Post Office Box 589 | Richmond, Virginia 23220 |
| Harrisonburg, Virginia 22803 | (804) 644-9700 |
| (540) 432-9988 | (804) 278-9634 (facsimile) |
| (804) 278-9634 (facsimile) | Email: schulte@scs-work.com |
| Email: cupp@scs-work.com | *Counsel for Plaintiff* |

### CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, the foregoing was filed with the Clerk through the CM/ECF/PACER system which will forward same electronically to defendant's counsel as follows: Heather K. Bardot, Esquire, McGavin, Boyce, Bardot, Thorsen & Katz, P.C., 9990 Fairfax Boulevard, Suite 400, Fairfax, Virginia 22030, HBardot@mbbtklaw.com.

                                                                        /s/Timothy E. Cupp