**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| JENNIFER BERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 5:21cv00001 |
| v. | ) | |
| | ) | |
| TOWN OF FRONT ROYAL, VIRGINIA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME**

COMES NOW defendant, Town of Front Royal, Virginia ("the Town"), by counsel, and files its Memorandum in Support of Motion to Extend Time, as follows:

**I.       BACKGROUND**

On April 6, 2022, at the court's request, counsel attended a telephonic status conference. At the time of the conference, it was discussed that any objections to Judge Joel C. Hoppe's Memorandum and Opinion dated March 21, 2022 (ECF No. 97) would be filed within the time permitted by Rule 72(a); i.e. by April 14, 2022. At no time did the court express an intent to shorten the time to file objections, nor does the rule itself contemplate that the time can be shortened (unlike other federal rules).

Counsel for defendant filed objections to Judge Joel C. Hoppe's Memorandum and Opinion dated March 21, 2022 on April 14, 2022 at 9:54 p.m. This filing complied with Rule 72(a).

Upon review of Plaintiff's Memorandum in Opposition to Defendant's Objections to Magistrate Judge's Memorandum Opinion and Order (ECF No. 111), the first argument raised is that Defendant's objections to Judge Joel C. Hoppe's Memorandum and Opinion dated March 21,

1

2022 were untimely because the court's April 6, 2022 Order (ECF No. 105) directed that any objections be filed by 5:00 p.m., and the filing did not occur until 9:54 p.m.

Immediately upon reviewing plaintiff's pleading, defendant's counsel re-reviewed the court's April 6, 2020 Order (ECF No. 111), and it does set a deadline of 5:00 p.m. for filing of the objections. This was overlooked when the Order was received as, the court did not mention it would be shortening the time to file objections during the April 6, 2022 status conference, and defense counsel did not contemplate that occurring (or catch that deadline) in light of the language in Rule 72(a) which does not suggest that the court has discretion to shorten the deadline for filing objections.

Federal Rule 6(b)(1)(B) allows the court to grant an extension of time for a filing after a deadline has passed where there has been excusable neglect. Defendant submits that, to the extent the court's Order of April 6, 2020 could and did alter the deadline set forth in Rule 72(a) for filing objections, it was an oversight on counsel's part in missing the 5:00 p.m. deadline, and that amounts to excusable neglect considering the totality of the circumstances. Accordingly, the court can and should exercise discretion to extend the filing deadline for Defendant's Objections to Judge Joel C. Hoppe's Memorandum and Opinion dated March 21, 2022 through April 14, 2022 at 9:54 p.m.

## II.    LAW AND ARGUMENT

Under Rule 6(b)(1)(B), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*., 507 U.S. 380, 391, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993). In *Pioneer*, the Supreme Court noted that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to

omissions caused by circumstances beyond the control of the movant. *Id*. at 392. The Court also concluded that:

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. at 395.

In this case, Judge Joel C. Hoppe issued a Memorandum and Opinion dated March 21, 2022 (ECF No. 97). Immediately upon receipt of the Opinion, defense counsel calendared that objections were due, pursuant to Rule 72(a), no later than April 14, 2022.

After Judge Hoppe issued his Opinion, and before defendant filed objections thereto, the court requested a status conference with counsel. That conference occurred on April 6, 2022. During the conference, one of the topics of discussion, if not the primary topic of discussion, was Judge Hoppe's opinion and the April 14, 2022 deadline for filing objections. At no time during the discussion did the court ever suggest that it would be entering an order that modified the deadline provided by Rule 72(a). Thus, when the court's April 6, 2022 order was received, defendant's counsel overlooked that the court, in fact, set a deadline of 5:00 p.m. on April 14, 2022 for filing objections, even though Rule 72(a) contains no such deadline.

Defendant filed its objections to Judge Hoppe's Opinion on April 14, 2022 at 9:54 p.m. This complied with Rule 72(a), but the filing was after the time set forth in this court's April 6, 2022 Order. Defendant submits that, to the extent that it missed the court ordered deadline, it was excusable neglect. Defense counsel did not notice that 5:00 p.m. deadline, which such was not discussed during the parties' status conference and which is not a deadline provided for in Rule 72(a). Further, there is no danger to plaintiff or impact on the judicial proceedings by allowing the

filing the very day it was due, albeit a few hours after the court set forth in its April 6, 2022 Order. Additionally, the length of the delay is very short, it was innocent and inadvertent, and defendant at all times believed its filing was timely and in accordance with Rule 72(a), without realizing that the court had set a 5:00 deadline in its April 6, 2022 Order.

It would be extremely prejudicial to defendant, under the circumstances presented, to deem its objections to Judge Joel C. Hoppe's Opinion late and not to exercise discretion to allow the very short extension of time for filing on the basis of excusable neglect. In contrast, there is no perceivable prejudice to plaintiff or negative impact on the judicial proceedings by allowing for the requested extension.

## III.    CONCLUSION

WHEREFORE, the foregoing considered, defendant, Town of Front Royal, Virginia, by counsel, requests that the court grant its Motion to Extend Time.

Respectfully submitted,
**TOWN OF FRONT ROYAL, VIRGINIA**
By Counsel

_____ /s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT,
    THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy E. Cupp, Esquire
Shelley Cupp Schulte, PC
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
Telephone:      (540) 432-9988
Facsimile:      (804) 278-9634
cupp@scs-work.com
Counsel for Plaintiff

Tim Schulte, Esquire
Shelley Cupp Schulte, PC
2020 Monument Avenue
Richmond, Virginia 23220
Telephone:      (804) 644-9700
Facsimile:      (804) 278-9634
Shelley@scs-work.com
Co-Counsel for Plaintiff

_____/s/_____

Heather K. Bardot
VSB No. 37269
McGAVIN, BOYCE, BARDOT,
    THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendant