IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JENNIFER BERRY BROWN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:21CV00001 |
| **TOWN OF FRONT ROYAL, VIRGINIA,** | ) |
| **Defendant.** | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME

The Plaintiff, Jennifer Berry Brown ("Brown" or "Plaintiff"), by counsel, objects to Defendant Town of Front Royal's ("Town" or "Defendant") Motion to Extend Time (ECF No. 113) for the reasons that follow:

**Issue Presented:**

Does the failure of the Town's attorney to "catch the deadline" and comply with the Court's April 6, 2022 Order (ECF No. 105) setting the date and time to file objections under Fed. R. Civ. P. 72(a) constitute excusable neglect for purposes of a post-deadline motion to extend time, where the excuse offered is no more than "run-of-the-mill inattentiveness"?

**Facts:**

This court's Order entered on April 6, 2022 (ECF No. 105) following the status conference of that date stated in relation to filing objections to the Magistrate Judge's Memorandum Opinion and Order (ECF No. 97) that "if the parties wish to file objections, they must do so by 5:00 p.m. on April 14, 2022." The Town failed to comply with that Order. Instead, the Town filed its objections on April 14, 2022 at 9:54 p.m., almost five hours after the deadline set by the Court.

Brown's Opposition to the Town's Objections (ECF No. 111) relies, in part, on this failure of the Town to timely file its Objections.

In its post-deadline Motion to Extend Time (ECF No. 113) and its Memorandum in support of that Motion (ECF No. 114) (both filed on April 25, 2022), defense counsel asks the court to accept the late filing because she did not "catch that deadline" in the April 6, 2022 Order. Defense counsel asserts that Rule 72(a)(1) "does not suggest that the court has discretion to shorten the deadline for filing objections" and that counsel's oversight in missing the 5:00 p.m. deadline "amounts to excusable neglect considering the totality of the circumstances." ECF No. 113, Pageid#: 2797.

**Argument:**

Defense counsel's failure to read or otherwise "catch the deadline" in the court's April 6, 2022 Order and abide by the 5:00 p.m. deadline it imposed on filings by both the Town and Brown does not rise to the level of "excusable neglect." "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996) (superseded by statute on other grounds), citing *In re O.P.M. Leasing Serv., Inc.,* 769 F.2d 911, 917 (2d Cir. 1985) ("the burden of demonstrating excusability lies with the party seeking the extension and *a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing*) (emphasis in original). "'[R]un-of-the-mill inattentiveness by counsel' does not demonstrate excusable neglect." *Long v. M&M Transp.,* 2014 U.S. Dist. LEXIS 206167 at *4-5 (N.D.W.V. January 9, 2014), citing *Symbionics, Inc. v. Ortlieb,* 432 Fed. App'x 216 (4th Cir. 2011) (there was "nothing extraordinary or unusual about counsel's calendaring error"). "Incorrect notation of a deadline alone reflects the type of 'run-of-the-mill

2

inattentiveness by counsel' that does not justify granting a Rule 6(b)(1)(B) motion." *Long v. M&M Transp.,* 2014 U.S. Dist. LEXIS 206167 at *6 (N.D.W.V. January 9, 2014).

Defense counsel's failure to read the court's April 6, 2022 order so as to "catch the deadline" (ECF No. 114, Pageid#: 2801) is nothing more than run-of-the-mill inattentiveness. In similar circumstances, "'inadvertent[ ] miscalendering (sic) of the due date' did not demonstrate excusable neglect." *Long v. M&M Transp.,* 2014 U.S. Dist. LEXIS 206167 at *4 (N.D.W.V. January 9, 2014), citing *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency,* 246 F.R.D. 380, 382-83, 385 (D.D.C. 2007). The neglect here was not something beyond counsel's control, and she has not "pointed to any forces outside of [her] control that impacted [her] ability to calendar the correct" time for filing. *Long v. M&M Transp.,* 2014 U.S. Dist. LEXIS 206167 at *6 (N.D.W.V. January 9, 2014). The Town has pointed to nothing that prevented its counsel from reading the order and noting the deadline imposed by the Court. The failure here by the Town's attorney to "catch the deadline" simply is insufficient to justify an untimely filing. See *Long v. M&M Transp.,* 2014 U.S. Dist. LEXIS 206167 at **6-7 (N.D.W.V. January 9, 2014) (denying unopposed motion to file late opposition to motion for partial judgment on the pleadings where counsel conflated filing due date with due date for discovery). As was the case with the plaintiff in *Long,* the Town has not shown it missed the deadline for filing its objections because of excusable neglect.

The Town further asserts, without citation to any authority, that Rule 72 does not "suggest" that the Court has discretion to shorten the deadline for filing. This assertion offers no support for the Town's motion. The Court did not shorten a deadline. Rather, the Court simply defined what the last day of the filing period meant. Under Fed. R. Civ. P. 6(a)(4), "last day" is defined, but the definition in the Rule applies "[u]nless a different time is set by a statute, local rule, or court order

3

. . . ." The Court here defined the last day of the 14-day objection period, noting that it ended at 5:00 p.m. on April 14, 2022.

WHEREFORE, in consideration of the foregoing, Brown, by counsel, requests that the court deny the Town's Motion to Extend at ECF No. 113.

JENNIFER BERRY BROWN

By:   /s/Timothy E. Cupp
      Counsel

Timothy E. Cupp (VSB No. 23017)
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
Post Office Box 589
Harrisonburg, Virginia 22803
(540) 432-9988
(804) 278-9634 (facsimile)
Email:  cupp@scs-work.com

Tim Schulte (VSB No. 41881)
Shelley Cupp Schulte, P.C.
3 West Cary Street
Richmond, Virginia 23220
(804) 644-9700
(804) 278-9634 (facsimile)
Email: schulte@scs-work.com
*Counsel for Plaintiff*

CERTIFICATE

I hereby certify that on April 27, 2022, I filed the foregoing through the CM/ECF PACER system which will send a copy to defendant's counsel as follows:

Heather K. Bardot, Esquire
McGavin, Boyce, Bardot, Thorsen & Katz
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030

/s/Timothy E. Cupp