**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| JENNIFER BERRY BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No.: 5:21cv00001 |
| v. | ) |
| | ) |
| TOWN OF FRONT ROYAL, VIRGINIA, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER**

COMES NOW defendant, Town of Front Royal, Virginia (sometimes hereafter "the Town"), by counsel, and files its Reply to Plaintiff's Opposition to Defendant's Objections to Magistrate Judge's Memorandum Opinion and Order ("the Opinion"), as follows.

**I.    THE COURT SHOULD NOT STRIKE THE TOWN'S OBJECTIONS AS UNTIMELY**

Berry's first argument, which the Town has addressed through a separate motion and memorandum, is that the court should strike the Town's objections as untimely. The Town incorporates herein the arguments raised in its separate memorandum, ECF No. 114. The Town adds that it does not believe that the court has authority to shorten the time provided by Rule 72(a). The Rule provides:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

1

This section of the Rule does not have a provision, such as contained later within the same rule, which provides "[u]nless the district judge orders otherwise, …" Fed. R. Civ. P. 72(b)(2). Thus, there is no authority within Rule 72(a) which permits the court to alter the deadline set forth in the Rule. Contrast this with rules such as Fed. R. Civ. P. 12(a)(1)(c) and 15(a)(3), both of which set times for filing pleadings, but both of which contain express authority which allows the court to shorten the time through an order. Inasmuch as Rule 72(a) grants no such authority to the court, the deadline for filing objections electronically was midnight on April 14, 2022, Fed. R. Civ. P. 6(a)(4)(A), and the Town filed its objections well before that time.

Should the court find that it has authority under Rule 72(a) to enter an order shortening the time for filing objections to a magistrate's order and opinion, the Town requests that the court exercise its discretion and grant its Motion to Extend Time and consider the objections the Town has made to the Magistrate Judge's Memorandum Opinion and Order. In so doing, there will be no danger of prejudice to Plaintiff, Jennifer Berry Brown ("Berry"). Further, the length of the "delay" was but a few hours, the "delay" has no impact on the proceedings, and the Town sincerely and in good faith believed, based on a status conference with the court on April 6, 2022, that the objections were to be filed at the normal time provided by Rule 72(a), i.e. midnight, as that was what was discussed.[1]

## II.     THE TOWN DID NOT WAIVE ATTORNEY-CLIENT PRIVILEGE

Berry continues to suggest that Julia Judkins, Esquire, was retained by the Town to conduct an investigation into Berry's complaint of sexual harassment. The Town submits, as it has pointed out in its Objections to Magistrate Judge's Memorandum Opinion and Order, that the record does not support that conclusion. Berry has pointed to nothing in the record, nor did the magistrate

---

1 The Town realizes that a court speaks through its orders.

judge, which shows that Judkins had any involvement in the investigation, because she did not. There is no testimony by any Town employee or representative that Ms. Judkins interviewed a witness, drafted a report, drew any conclusion about the investigation, or suggested what, if any, remedial action the Town should take in response to the complaint of sexual harassment. What the record does reflect is that Julie Bush, the Town's HR Director, conducted all of the witness interviews, drafted the Town's report which contains its conclusions and then gave the report to Ms. Judkins for purposes of obtaining legal advice before the report was finalized and provided to Berry. Berry's contention that "[w]hatever was done on the investigation for the two months following September 6, 2019 (the date Bush finished the report) necessarily was done by Ms. Judkins," ECF No. 111, fn. 1, is idle speculation without a basis in fact.

However, even if the court was to find that Ms. Judkins was part of the "investigative body" as Berry suggests, ECF No. 111, p. 4, and the magistrate judge concluded, that would not, **under Fourth Circuit precedent**, result in a waiver of privilege. The Fourth Circuit examined this issue in *In re Allen*, 106 F.3d 582, 602-03 (4th Cir. 1997), and explained:

> Of course, not all communications between an attorney and client during attorney-conducted investigations constitute legal work entitled to attorney- client privilege … no privilege attaches when an attorney performs investigative work in the capacity of an insurance claims adjuster, rather than as a lawyer…. But even in these cases the courts did not suggest, let alone hold, that investigation can never constitute legal work. Quite the contrary, **they carefully instructed that only to the extent attorneys acted as claims adjusters, a pure, ordinary business function, was their investigation outside the scope of the asserted privileges**. In sum, *Upjohn* made "clear that fact finding which pertains to legal advice counts as professional legal services…." Accordingly, we must reject the legal theory … that the attorney-client privilege does not apply here, simply because [the attorney's] assigned duties were investigative in nature. **The relevant question is not whether [the attorney] was retained to conduct an investigation, but rather, whether this investigation was related to the rendition of legal services.** If it was, and it clearly was here, then the privilege is not waived.

*Id.*, 106 F.3d at 602-03 (emphasis added) (internal citations and quotations omitted). *Accord United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996); *In re Grand Jury Subpoena*, 599 F.2d 504, 510-11 (2d Cir. 1979) (investigation by law firm retained to investigate and provide legal advice based on that investigation "trigger[s] the attorney-client privilege"); *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 91 F.R.D. 552, 557 (S.D.Tex. 1981) (confidential communications made to attorneys "hired to investigate through the trained eyes of an attorney" privileged), vacated on other grounds, 693 F.2d 1235 (5th Cir. 1982); and *In re LTV Sec. Litig.*, 89 F.R.D. 595, 600-01 (N.D.Tex. 1981) (rejecting argument that attorney privilege should not apply when the attorneys involved performed an investigative rather than strictly legal function).

In this case, the record makes clear that Ms. Judkins was retained to provide legal services to the Town. She was retained "to advise Town council as it relates to a complaint that was made by Ms. Berry" ECF No. 46-1, p. 29; "to make sure [the investigation] was done per the law." *Id.* at p. 110. Her role was "general counsel to offer advice and counsel to the Town." *Id.* at 41-42. The Town submits that it could not be clearer that Ms. Judkins' role, even if deemed to be partially investigatory in nature, which the Town denies and the record does not support, was unquestionably related to the rendition of legal services. Berry made a complaint of sexual harassment, and the Town retained Ms. Judkins to provide legal advice to it as the Town conducted its investigation. This is the quintessential example of an attorney-client relationship for which privilege attaches and waiver has not occurred. The magistrate judge erred in finding otherwise based on the record before the court, and his opinion is clearly erroneous, contrary to law, and should be reversed.

4

### III.   CONCLUSION

WHEREFORE, defendant, Town of Front Royal, Virginia, by counsel, respectfully requests that this court reverse the Magistrate Judge's Memorandum Opinion and Order dated March 31, 2022 insofar as it holds that the Town waived the attorney-client privilege with Julia Judkins, Esquire, thereby requiring the Town to disclose its communications with Ms. Judkins as it relates to the Town's investigation of Jennifer Berry Brown's sexual harassment complaint.

                                        **Respectfully submitted,**

                                        **TOWN OF FRONT ROYAL, VIRGINIA**
                                        By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Phone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy E. Cupp, Esquire
Shelley Cupp Schulte, PC
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
Telephone:    (540) 432-9988
Facsimile:    (804) 278-9634
cupp@scs-work.com
Counsel for Plaintiff

Tim Schulte, Esquire
Shelley Cupp Schulte, PC
2020 Monument Avenue
Richmond, Virginia 23220
Telephone:     (804) 644-9700
Facsimile:      (804) 278-9634
Shelley@scs-work.com
Co-Counsel for Plaintiff

                                        McGAVIN, BOYCE, BARDOT,
                                         THORSEN & KATZ, P.C.
                                        9990 Fairfax Boulevard, Suite 400
                                        Fairfax, Virginia 22030
                                        (703) 385-1000 Phone
                                        (703) 385-1555 Facsimile
                                        hbardot@mbbtklaw.com


                                        _____/s/_____
                                        Heather K. Bardot, Esquire
                                        Virginia State Bar No. 37269
                                        Counsel for Defendant