IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JENNIFER BERRY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:21cv00001 |
| TOWN OF FRONT ROYAL, VIRGINIA, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO EXTEND TIME**

COMES NOW defendant, Town of Front Royal, Virginia (sometimes hereafter "the Town"), by counsel, and files its Reply to Plaintiff's Opposition to Defendant's Motion to Extend Time, as follows.

**I.  OVERVIEW**

Plaintiff, Jennifer Berry Brown ("Brown"), strenuously opposes the Town's motion to extend time for filing its objections to the Magistrate Judge's Memorandum Opinion and Order dated March 31, 2022. Berry's position is that the Town was four hours and fifty-four minutes late with its filing, due to the fact that the court entered an order on April 6, 2022 making the filing deadline 5:00 p.m. rather than midnight as permitted by Federal Rule 72. Berry does not take issue with the Town's arguments that: (a) the court has discretion to grant the extension; (b) she will suffer absolutely no prejudice if the motion is granted; (c) the "delay" has had no impact on the proceedings; or (d) the "delay" was inadvertent, and the Town's filing was completed with a good faith belief that it was on time. Instead, Berry simply seeks the draconian remedy of striking and not considering the Town's objections to the Magistrate Judge's Memorandum Opinion and Order dated March 31, 2022, despite the importance of the issue raised therein (waiver of attorney-client

1

privilege). The Town submits that, under the totality of the circumstances presented and the applicable law, Berry's position is not well-founded, and the court should exercise its discretion and grant the Town's motion to extend time, should the court deem the Town's filing to be late.

### II.   LAW AND ARGUMENT

#### A.   The Court Should Not Strike the Town's Objections as Untimely

As the Town has previously argued, it does not believe that the court has authority to shorten the time provided by Rule 72(a). The Rule provides:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

This section of the Rule does not have a provision, such as contained later within the same rule, which provides "[u]nless the district judge orders otherwise, …" Fed. R. Civ. P. 72(b)(2). Thus, there is no authority within Rule 72(a) which permits the court to alter the deadline set forth in the Rule. Contrast this with rules such as Fed. R. Civ. P. 12(a)(1)(c) and 15(a)(3), both of which set times for filing pleadings, but both of which contain express authority which allows the court to shorten the time through an order. Inasmuch as Rule 72(a) grants no such authority to the court, the deadline for filing objections electronically was midnight on April 14, 2022, Fed. R. Civ. P. 6(a)(4)(A), and the Town filed its objections well before that time.

#### B.   If the Court Finds that the Town's Filing was Late, the Court Should Exercise Its Discretion and Allow the Town the Short Extension of Time Requested

Berry disputes that the Town has demonstrated excusable neglect, and implores the court to so find. She maintains that the Town's failure to notice that the court had changed the filing

2

deadline of midnight, permitted by Federal Rule 72, to 5:00 p.m. is "run-of-the-mill inattentiveness," which is not sufficient to grant relief under Rule 6(b)(1)(B). A similar argument was raised, and rejected, in *Palaxar Grp., LLC v. Williams*, Civil Action No. 3:13-CV-641, 2014 U.S. Dist. LEXIS 36269 (E.D. Va. Mar. 19, 2014), where the filing was *one day* late. The court's discussion on the matter was, as follows:

> Palaxar argues that "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity." *Key v. Robertson*, 626 F. Supp. 2d 566, 577-578 (E.D. Va. 2009) (quoting *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, Civ. Action No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006)). Palaxar asserts that under this standard, none of the excuses given by the Broad Defendants—weather delay, national holiday, and forgetting the deadline—constitute excusable neglect. As such, they request that the Motion for Extension be denied and the Motion to Strike be granted. See *Pinpoint IT Services, L.L.C. v. Atlas IT Export*, 812 F. Supp. 2d 710, 723 (E.D. Va. 2011) (striking an opposition memorandum filed twelve days late and without leave of the court).
>
> ***Notably, Palaxar does not appear to cite any cases in which a filing was struck for a one-day delay*** and each of the cases cited by Palaxar is distinguishable on its facts. For example, in *M. Shanken Communication, Inc. v. Variant Events, LLC*, No. 3:10-cv-00804, 2011 U.S. Dist. LEXIS 56138, 2011 WL 2078007 (E.D. Va. May 25, 2011) (Spencer, J.), the document at issue was filed seven days late and no motion for extension was ever made pursuant to Rule 6(b). In *Key v. Robertson*, 626 F. Supp. 2d 566 (E.D. Va. 2009), the movant requested an extension three days after the deadline expired, but failed to attach a memorandum in support as required by Local Civil Rule 7(F)(2) and later failed even to meet the new deadline that he requested in his motion. In *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787 (E.D. Va. 2013), the document at issue was filed five days after time expired without a prior motion for extension and without referencing or excusing its tardiness. In *Rossmann v. Lazarus*, No. 1:08-CV-316, 2008 U.S. Dist. LEXIS 78925, 2008 WL 4550579 (E.D. Va. Oct. 7, 2008), the movant filed the disputed document five days late and explained his delay only by arguing that he initially had not intended to file a response, but changed his mind after the deadline had expired. Finally, in *Pinpoint IT Services, L.L.C. v. Atlas IT Export*, 812 F. Supp. 2d 710, 723 (E.D. Va. 2011), the document at issue was filed twelve days late and no motion for extension was ever made pursuant to Rule 6(b).
>
> ***Although the Broad Defendants have conceded that their one-day delay was the result of inadvertence and was within their control, their admitted neglect is <u>excusable on the balance of the equities</u>. The Supreme Court has stated that the determination of whether neglect may be excused under Rule 6(b) is an equitable determination in which the Court must take into account "all relevant circumstances surrounding the party's***

3

*omission."* Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1992). Although the most important factor in this calculation is the reason for the delay in filing, other relevant factors include the danger of prejudice, length of delay and potential impact, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Thompson*, 76 F.3d at 533-34. In this case, the Broad Defendants' one-day delay is minimal, and has had neither prejudice nor impact on these judicial proceedings; although Palaxar must now rebut arguments not previously presented in the Broad Defendants' filings, this is not prejudice that resulted from the Broad Defendants' delay. Further, the Broad Defendants have engaged in conduct consistent with an inadvertent mistake and a good faith effort to remedy that mistake: although the parties could not resolve this issue without court intervention, the communications between the parties have been diligent and cordial.

Finally, although the reason for the Broad Defendants' delay was admittedly within their control, the Supreme Court has rejected a formulation of Rule 6(b) that would have required movants to be "sufficiently blameless" in order to warrant deadline extensions. See *Pioneer*, 507 U.S. at 395 n.14 (rejecting a bright-line rule that would "erect[] a rigid barrier against late filings attributable in any degree to the movant's negligence"). As another court of this district has reasoned, "[f]or 'excusable' to have meaning, there must be a circumstance where failure to do that which was within ones control is later allowed by a court." *Gilyard*, 367 F. Supp.2d at 1011. ***If a one-day inadvertent delay in filing cannot be excused despite a lack of prejudice, impact, or bad faith, it seems unlikely that any delay within the control of a tardy litigant could be excused.***

*Id.* at *5 (emphasis added).

In this case, counsel for the Town has been forthright and prompt in addressing Berry's contention that the Town's objections to the Magistrate Judge's Memorandum Opinion and Order dated March 31, 2022 were late. It is not simply that counsel did not catch the 5:00 p.m. filing deadline the court put in its April 6, 2022 order, as suggested by Berry. Rather, the morning that the April 6, 2022 order was entered, counsel had a lengthy conference with the court where the court indicated that the objections should be filed "on time," in accordance with Rule 72. The court never suggested its intent to thereafter enter an order setting a 5:00 p.m. deadline for the filing, nor does the Town believe that the time limit in Rule 72 is capable of modification by the court. It was in this context that counsel overlooked the 5:00 p.m. deadline in the April 6, 2022 order. It was not a calendaring error – defense counsel had the matter calendared for April 14,

2022 and made the Town's filing on that date. It came as a total shock to receive Berry's opposition to the Town's objections to the Magistrate Judge's Memorandum Opinion and Order, wherein she argued that the Town's filing was late. The Town has acted promptly to address Berry's position and, as set forth above, the "delay" was minimal, and has neither prejudiced nor impacted these proceedings. As set forth in *Palaxar*, "[i]f a one-day inadvertent delay in filing cannot be excused despite a lack of prejudice, impact, or bad faith, it seems unlikely that any delay within the control of a tardy litigant could be excused." *Id.* Here, the "delay" was even shorter, less than five (5) hours, and the court can and should, under the circumstances presented, find excusable neglect and grant the Town's motion to extend, should the court find that the April 6, 2022 order properly shortened the time provided by Rule 72.

### III.   CONCLUSION

WHEREFORE, considering the arguments raised in its initial motion and the arguments set forth herein, defendant, Town of Front Royal, Virginia, by counsel, asks the court, should it find that the April 6, 2022 order properly shortened the time provided by Rule 72, grant the Town's motion to extend time to file its objections to the Magistrate Judge's Memorandum Opinion and Order.

                **Respectfully submitted,**

                **TOWN OF FRONT ROYAL, VIRGINIA**
                By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Phone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy E. Cupp, Esquire
Shelley Cupp Schulte, PC
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
Telephone:    (540) 432-9988
Facsimile:    (804) 278-9634
cupp@scs-work.com
Counsel for Plaintiff

Tim Schulte, Esquire
Shelley Cupp Schulte, PC
2020 Monument Avenue
Richmond, Virginia 23220
Telephone:    (804) 644-9700
Facsimile:    (804) 278-9634
Shelley@scs-work.com
Co-Counsel for Plaintiff

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 Phone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendant